UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN WOODRUFF )
    800 Westview Terrace )
    Alexandria, Virginia 22301

              **Plaintiff**

v.

NATIONAL OPINION RESEARCH Center
Serve:   **Caren F. Skoulas** )
        1155 E 60th Street, RM 253 )
        Chicago, Illinois 60637 )
                   **Defendant.** )

CASE NUMBER 1:06CV00832

JUDGE: Richard J. Leon

DECK TYPE: Contract ACTION

DATE STAMP: 05/05/2006

## COMPLAINT

Plaintiff Stephen Woodruff sues Defendant National Opinion Research Center ("NORC"), his former employer, for fraud, negligent misrepresentation, breach of contract, and promissory estoppel arising from the termination of employment.

1. Mr. Woodruff is a highly respected and published mathematical statistician. In December of 2004 he entered into negotiations with NORC in connection with potential employment. At the time of the negotiations, Mr. Woodruff was employed by the U.S. Postal Service (USPS) and had been employed with that the postal service for over seven years. He had no compelling reason to leave his employment with USPS at that time.

2. Mr. Woodruff left his employment with USPS to accept a position with NORC to work on a five-year contract NORC to help fill additional staffing requirements dictated by NORC's winning the contract for the National Immunization Survey in 2004.

3. During the course of the negotiations with Mr. Woodruff, two employees of NORC, Mr., Kirk Wolter and Rachel Harter, represented to Mr. Woodruff that his services were need to

fill the requirements for NORC's new contract with the National Center for Health Statistics and the Center for Disease Control ("NCHS/CDC") to conduct the National Immunization Survey. Mr. Wolter and Mr. Harter represented to Mr. Woodruff that the project would last five years and he would be employed during the term of the project.

4. In reliance on these representations, Mr. Woodruff was induced to leave his employment at the USPS and accept a position with NORC as he was lead to believe that he would be employed for the five-year term of the National Immunization Survey.

5. When he left his employment with USPS, Mr. Woodruff was earning a salary of $90,000. NORC was also induced Mr. Woodruff to leave his employment with USPS by promising to pay him an additional annual salary of $18,000.

6. Mr. Woodruff commenced his employment with NORC on February 28, 2005. During the entire time he was employed, Mr. Woodruff's performance was excellent. In fact, two weeks prior to his termination, Rachel Harter, his immediate supervisor and a Vice President, assigned Mr. Woodruff a supervisory role over several other employees. However, during his four months of employment, NORC did not assign Mr. Woodruff to the National Immunization Survey project.

7. After Plaintiff accepted employment in January of 2005 and before he commenced his employment with NORC, Defendant asked and obtained Plaintiff's permission to use his resume for procurements.

8. Contrary to the representations Mr. Woodruff was abruptly terminated within four months of commencing his employment with NORC.

9. When he was terminated on June 16, 2005, Mr. Woodruff was told that the reason for his termination was that NORC had lost a substantial portion of the contract with NORC to work

on the National Immunization Survey and therefore there was no longer work for Mr. Woodruff to perform on the project.

10. Contrary to the representation made to Mr. Woodruff, NCHS/CDS did not change NORC's requirements for the contract National Immunization Survey between the time Mr. Woodruff commenced employment with NORC and his termination.

## JURISDICTION

11. Defendant is incorporated in the State of Illinois and maintains offices and does business in Washington, D.C. at and is subject to personal jurisdiction in Washington D.C. at 1350 Connecticut Avenue, NW, Suite 500, Washington D.C.

12. Plaintiff is domiciled and resides in Alexandria, Virginia. While employed by NORC, Mr. Woodruff worked at NORC's offices in Washington, D.C.

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that all the parties are of diverse citizenship and the matter in controversy exceeds $75,000.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a). A substantial part of the events giving rise to this claim occurred in this District including the negotiations with Plaintiff, Plaintiff's employment and termination of his employment.

## COUNT I
### (Fraud)

15. Plaintiff hereby incorporates by reference and realleges herein paragraphs 1-14 above.

16. During the course of negotiations with Plaintiff prior to his accepting employment with NORC, Defendants made the following statements of fact: (a) Mr. Woodruff services were needed to fill the requirements for NORC's new contract with the NCHS/CDC to perform the

3

National Immunization Survey; (2) the Contract with NCHS/CDC had a five year term, and (3) Mr. Woodruff would be employed during the term of the project.

17. Defendant also represented to Plaintiff that he would receive an initial annual salary of $108,000.

18. The representations made by Defendant in paragraph 16 were false representations of material facts and were knowingly false when made. Defendant never intended to maintain Plaintiff's employment with NORC for a period of five years, to pay him his salary of $108,000 for that period and to have him work on the National Immunization Survey.

19. Defendant made the representations in paragraphs 16 and 17 intentionally and knowingly mislead and induced Plaintiff into believing that he would be employed five years at NORC, would work on the National Immunization Survey for that period and would received the increased salary.

20. Defendant purposely and intentionally mislead Mr. Woodruff with the intent to induce him to leave his position at the USPS, cause him to supply his resume to NORC, and commence work at NORC.

21. Defendant made the false representation knowing that Mr. Woodruff would leave his position with the USPS if he accepted employment with NORC.

22. Plaintiffs' reasonably relied to his detriment upon said representations of Defendant.

23. Mr. Woodruff was abruptly terminated within four months of commencing his employment with NORC.

24. The reason Defendant told Plaintiff or his termination was false.

25. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered compensatory damages in the form of lost income, lost employment opportunities and emotional distress.

26. Defendant engaged in said fraudulent conduct maliciously, wantonly, oppressively and with such recklessness and gross negligence as evinced a conscious disregard for the rights of Plaintiff.

## COUNT II
### (Negligent Misrepresentation)

27. Plaintiff hereby incorporates by reference and realleges herein paragraphs 1-14 above.

28. During the course of negotiations with Plaintiff prior to his accepting employment with NORC, Defendant made the following statements of fact: (a) Mr. Woodruff services were needed to fill the requirements for NORC's new contract with the NCHS/CDC to perform the National Immunization Survey; (2) the Contract with NCHS/CDC had a five year term and (3) Mr. Woodruff would be employed during the term of the project.

29. The representations made by Defendant in paragraph 28 were false representations of material facts. Defendants made the false representation knowing that if Plaintiff accepted employment with NORC he would leave his position with the USPS.

30. Plaintiffs' reasonably relied to his detriment upon said representations of Defendant and decided to leave his employment with the USPS and accept employment with NORC.

31. Contrary to the representations Mr. Woodruff was abruptly terminated within four months of commencing his employment with NORC.

32. The reason Defendant told Plaintiff or his termination was false.

33. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered compensatory damages in the form of lost income, lost employment opportunities and emotional distress.

## COUNT III
### (Breach of Contract)

34. Plaintiff hereby incorporates by reference and realleges herein paragraphs 1-14 above.

35. Plaintiff pleads this count in the alternative to Count I and II.

36. NORC entered into a contract of employment with Plaintiff where it agreed to employ plaintiff for the term of the five-year contract at an initial annual salary of $108,000 to work on National Immunization Survey.

37. NORC breached the employment contract when it terminated after four months and despite the ongoing contract with NCHS/CDC to perform the National Immunization Survey.

38. The reason Defendant told Plaintiff or his termination was false.

39. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered compensatory damages in the form of lost income and lost employment opportunities.

## COUNT IV
### (Promissory Estoppel)

40. Plaintiff hereby incorporates by reference and realleges herein paragraphs 1-14 above.

41. Plaintiff pleads this count in the alternative to Count I and II.

42. Defendant made the following statements of fact: (a) Mr. Woodruff services were needed to fill the requirements for NORC's new contract with the NCHS/CDC to perform the National Immunization Survey and (b) the Contract with NCHS/CDC had a five year term.

43. Defendant promised plaintiff that if he accepted employment with NORC he Mr. Woodruff would be employed during the five-year term of the Contract which NORC had with NCHA/CDC to perform the National Immunization Survey project.

44. Defendant promised Plaintiff he would be paid an initial salary of $108,000 during the term of his employment with NORC.

45. Plaintiffs' reasonably relied to his detriment upon said representations of Defendant and decided to leave his employment with the USPS and accept employment with NORC.

46. Contrary to the representations Mr. Woodruff was abruptly terminated within four months of commencing his employment with NORC.

47. The reason Defendant told Plaintiff or his termination was false.

48. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered compensatory damages in the form of lost income, lost employment opportunities and emotional distress.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court will :

(1) enter a judgment against the Defendant seeking actual damages in an amount to be proven at trial not to exceed Six hundred Thousand Dollars ($600,000.00), plus interest at the judgment rate from until paid;

(3) award punitive damages in the amount of $250,000

7

(4)   award costs and attorney's fees incurred; and

(5)   award such other and further relief that the Court deems just and proper.

Respectfully submitted

_____
Nicholas Hantzes
D.C. Bar # 361450
1608 Spring Hill Road
Suite 420
Vienna, Virginia 22182
(703) 378-5000
(571) 633-0203 (fax)

## JURY DEMAND

Plaintiff hereby demands a jury on all issues and proceedings in which it is entitled to a jury.

_____
Nicholas Hantzes