UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL OPINION RESEARCH )<br>CENTER )<br>)<br>    Defendant. ) | Case No. 1:06-CV-00832 (RJL) |

**MOTION TO DISMISS PLAINTIFF'S**
**BREACH OF CONTRACT CLAIM (COUNT III)**

Defendant National Opinion Research Center ("NORC" or "Defendant"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss Plaintiff's breach of contract claim at Count III of his Complaint. Plaintiff alleges that, based on oral representations, he had an employment contract with NORC that guaranteed him employment for five years. This claim is barred by the statute of frauds.

Accordingly, NORC respectfully requests that the Court dismiss Plaintiff's Breach of Contract claim (Count III) with prejudice. Defendant respectfully refers the Court to the following Memorandum of Points and Authorities in support of its motion.

    Respectfully submitted,

    NATIONAL OPINION RESEARCH CENTER
    By:   /s/ David M. Burns
        David M. Burns, Esq. # 466167
        Noah A. Finkel, Esq. (*pro hac vice* application
        to be filed)
        SEYFARTH SHAW LLP
        815 Connecticut Avenue, N.W., Suite 500
        Washington, DC 20006-4004
        (202) 463-2400
        (202) 828-5393 (fax)

June 29, 2006    Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF )<br>)<br>    Plaintiff )<br>)<br>  v. )<br>)<br>NATIONAL OPINION RESEARCH )<br>CENTER )<br>)<br>    Defendant. )<br>_____ ) | Case No. 1:06-CV-00832 (RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S BREACH OF CONTRACT CLAIM (COUNT III)**

Defendant National Opinion Research Center ("NORC" or "Defendant"), through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7(a) of the rules of this Court, hereby submits this memorandum of points and authorities in support of its Motion to Dismiss Plaintiff's Complaint.

### STATEMENT OF FACTS[1]

Plaintiff filed his Complaint in this Court on or about May 5, 2006. In Count III, Plaintiff asserts a claim for breach of a purported employment contract to employ him for five years. Compl., Count III.

In December 2004, according to Plaintiff's Complaint, Plaintiff "entered into negotiations with NORC in connection with potential employment." Compl. ¶ 1. Plaintiff asserts that, during these negotiations, "two employees of NORC, Mr.[] Kirk Wolter and Rachel Harter, represented to Mr. Woodruff that his services were need[ed] to fill the requirements for NORC's new

---

[1] For purposes of this Rule 12 motion only, Defendant assumes, as it must, the truth of the allegations made in the Complaint. *See Zoelsch v. Arthur Andersen & Co.*, 824 F.2d 27, 33 (D.C. Cir. 1987).

2

contract . . . to conduct the National Immunization Survey [("NIS")]. Mr. Wolter and Mr. Harter[, according to Plaintiff's Complaint,] represented to Mr. Woodruff that the project would last five years and he would be employed during the term of the project." Compl. ¶ 3. Plaintiff alleges that, "[d]uring the course of the negotiations . . . , Defendants made the following statements of fact: . . . (2) the [NIS] Contract . . . had a five year term, and (3) [Plaintiff] would be employed during the term of the project." Compl. ¶¶ 16, 34, 35. Plaintiff does not allege that his claimed five year contractual term of employment was memorialized in writing.

NORC hired Plaintiff on February 28, 2005. Compl. ¶ 6. Plaintiff was separated from employment on June 16, 2005. Compl. ¶ 9.

## ARGUMENT

### I.     Standard of Review

A motion to dismiss is appropriate when, construing the complaint liberally in the plaintiff's favor, the plaintiff cannot state a claim upon which relief can be granted. *See Henthorn v. Dep't of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### II.    Plaintiff's Breach of Contract Claim Is Barred By The Statute of Frauds

Plaintiff's claim for breach of contract based on his alleged contract of employment for a period of five years is barred by the Statute of Frauds. The District Of Columbia's general Statute of Frauds states:

> An action may not be brought . . . upon an agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing, . . . and signed by the party to be charged therewith or a person authorized by him.

D.C. Code § 28-3502.

The United States Court of Appeals for the District of Columbia has directed that "an oral employment contract for a stated, definite term of years exceeding one year . . . is unenforceable" under the Statute of Frauds. *Hodge v. Evans Financial Corp.*, 823 F.2d 559, 563 (D.C. Cir. 1987). In *Brown v. News World Communications, Inc.*, 54 Fair Empl. Prac. Cas. (BNA) 211, 213 (D.D.C. 1990), the plaintiff brought a breach of contract claim alleging that he had a guaranteed term of employment for two years and that the guarantee automatically renewed at two-year intervals. The defendant filed a motion to dismiss the breach of contract claim on the ground that it was barred by the Statute of Frauds. *Id.* at 211, 213. The Court agreed, noting that the alleged contract of guaranteed employment for two years (to be automatically renewed every two years) was not reflected in writing, and, therefore, "barred by the statute of frauds." *Id.* at 214. Thus, the Court granted defendant's motion to dismiss. *Id.*

Likewise, Plaintiff has only alleged that his claimed contract of employment for five years is based on oral representations made to him during "negotiations." Nowhere does he (or could he in good faith) allege that this purported agreement is reflected in writing. Accordingly, Plaintiff's breach of contract claim at Count III is barred by the Statute of Frauds, and, as in *Brown*, the Court should grant Defendant's Motion to Dismiss.

                        Respectfully submitted,

                        NATIONAL OPINION RESEARCH CENTER

                        By:    /s/ David M. Burns
                            David M. Burns, Esq. # 466167
                            Noah A. Finkel, Esq. (*pro hac vice* application to be filed)
                            SEYFARTH SHAW LLP
                            815 Connecticut Avenue, N.W., Suite 500
                            Washington, DC 20006-4004
                            (202) 463-2400
                            (202) 828-5393 (fax)

June 29, 2006                    Attorneys for Defendant