UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL OPINION RESEARCH )<br>CENTER )<br>)<br>      Defendant. )<br>) | Case No. 1:06-CV-00832 (RJL) |

## ANSWER

Defendant National Opinion Research Center ("NORC" or "Defendant"), through its undersigned counsel, hereby answers Plaintiff Stephen Woodruff's ("Plaintiff") Complaint (hereinafter "Complaint").[1] Defendant denies that Plaintiff has any claim against Defendant and denies that Plaintiff sustained any damages on account of any action or omission of Defendant.

1.  Answering the first sentence of Paragraph 1 of the Complaint, Defendant admits that Plaintiff is a statistician. Defendant is without sufficient information to form a belief as to the truth of the allegations of the remainder of the first sentence of Paragraph 1 of the Complaint, and, thus, denies the remaining allegations of the first sentence of Paragraph 1. Answering the second and third sentences of Paragraph 1 of the Complaint, Defendant admits that it interviewed Plaintiff in December 2004 for potential employment with it and that Plaintiff represented that he had been employed by the United States Postal Service for approximately seven years. Defendant is without sufficient information to form a belief as to the truth of the allegations of the fourth sentence of Paragraph 1 of the Complaint, and, thus, denies the allegations of the

---

[1] Defendant is filing a Motion to Dismiss Count III (Breach of Contract) of Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Therefore, Defendant does not answer at this time the allegations contained in Paragraphs 34 to 39 of the Complaint.

fourth sentence of Paragraph 1. Except as expressly admitted, Defendant denies the allegations of Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendant admits that it was awarded a contract for the National Immunization Survey in 2004. Defendant denies the remaining allegations of Paragraph 2. Except as expressly admitted, Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Answering the first sentence of Paragraph 5 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations of the first sentence of Paragraph 5 of the Complaint, and, thus, denies the allegations of the first sentence of Paragraph 5. Answering the second sentence of Paragraph 5 of the Complaint, Defendant admits that it offered Plaintiff a salary of $108,000 annually. Defendant denies the remaining allegations of the second sentence of Paragraph 5. Except as expressly admitted, Defendant denies the allegations of Paragraph 5.

6. Answering the first sentence of Paragraph 6 of the Complaint, Defendant admits the allegations of the first sentence of Paragraph 6 of the Complaint. Defendant denies the allegations of the second sentence of Paragraph 6 of the Complaint. Answering the third sentence of Paragraph 6 of the Complaint, Defendant admits that Rachel Harter was Plaintiff's immediate supervisor and a Vice President and admits that Plaintiff had a supervisory role over other employees. Defendant denies the remaining allegations of the third sentence of Paragraph 6. Answering the fourth sentence of Paragraph 6 of the Complaint, Defendant admits that during Plaintiff's employment with Defendant, Defendant did not assign Plaintiff to the National

Immunization Survey project. Except as expressly admitted, Defendant denies the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendant admits that it terminated Plaintiff as of June 16, 2005. Defendant denies the remaining allegations of Paragraph 8 of the Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 8.

9. Answering Paragraph 9 of the Complaint, Defendant admits that it terminated Plaintiff as of June 16, 2005. Defendant admits that when Plaintiff was terminated, he was told that NORC's planned work on Qatar had dropped by $10 million and the NIS project had dropped by $2 million, that this resulted in a need to adjust NORC's payroll to a tighter budget for the remainder of 2005, that NORC had to make a difficult business decision to implement a small number of layoffs, and that, effective that day, Plaintiff's employment with NORC was ended. Defendant denies the remaining allegations of Paragraph 9 of the Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

**JURISDICTION**

11. Answering Paragraph 11 of the Complaint, Defendant admits that it maintains offices and does business in Washington, D.C. at 1350 Connecticut Avenue, NW, Suite 500, Washington, DC. Defendant denies that it is incorporated in Illinois. The remaining allegation of Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegation of Paragraph 11. Except as expressly admitted, Defendant denies the allegations of Paragraph 11.

12. Answering the first sentence of Paragraph 12 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations of the first sentence of Paragraph 12 of the Complaint, and, thus, denies the allegations of the first sentence of Paragraph 12. Defendant admits the allegations of the second sentence of Paragraph 12 of the Complaint.

13. Paragraph 13 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 13.

14. Paragraph 14 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 14. Except as expressly admitted, Defendant denies the allegations of Paragraph 14.

## COUNT I
## (Fraud)

15. Answering Paragraph 15 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 14 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Answering Paragraph 17 of the Complaint, Defendant admits that it offered Plaintiff a salary of $108,000 annually. Defendant denies the remaining allegations of Paragraph 17. Except as expressly admitted, Defendant denies the allegations of Paragraph 17.

18. Answering the first sentence of Paragraph 18 of the Complaint, Defendant denies that it made the representations asserted in Paragraph 16 of the Complaint. Answering the second sentence of Paragraph 18 of the Complaint, Defendant admits that it informed Plaintiff that his employment with Defendant would be at-will employment. Except as expressly admitted, Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, Defendant admits that it terminated Plaintiff as of June 16, 2005. Defendant denies the remaining allegations of Paragraph 23 of the Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

### COUNT II
### (Negligent Misrepresentation)

27. Answering Paragraph 27 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 26 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Answering the first sentence of Paragraph 29 of the Complaint, Defendant denies that it made the representations asserted in Paragraph 28 of the Complaint. Defendant denies the allegations of the second sentence of Paragraph 29 of the Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, Defendant admits that it terminated Plaintiff as of June 16, 2005. Defendant denies the remaining allegations of Paragraph 31 of the Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

DC1 30168577.3

## COUNT III
### (Breach of Contract)

34-39.   Defendant has moved to dismiss Count III of the Complaint for failure to state a claim upon which relief may be granted.  Therefore, Defendant does not answer at this time the allegations contained in Paragraphs 34 through 39.

## COUNT IV
### (Promissory Estoppel)

40.   Answering Paragraph 40 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 39 of the Complaint.

41.   Answering Paragraph 41 of the Complaint, Defendant admits that Plaintiff purports to plead this count in the alternative to Count I and II.

42.   Defendant denies the allegations of Paragraph 42 of the Complaint.

43.   Defendant denies the allegations of Paragraph 43 of the Complaint.

44.   Answering Paragraph 44 of the Complaint, Defendant admits that it offered Plaintiff a salary of $108,000 annually.  Defendant denies the remaining allegations of Paragraph 44.  Except as expressly admitted, Defendant denies the allegations of Paragraph 44.

45.   Defendant denies the allegations of Paragraph 45 of the Complaint.

46.   Answering Paragraph 46 of the Complaint, Defendant admits that it terminated Plaintiff as of June 16, 2005.  Defendant denies the remaining allegations of Paragraph 46 of the Complaint.  Except as expressly admitted, Defendant denies the allegations of Paragraph 46.

47.   Defendant denies the allegations of Paragraph 47 of the Complaint.

48.   Defendant denies the allegations of Paragraph 48 of the Complaint.

49.   All allegations not heretofore admitted or denied are specifically and fully denied.

DC1 30168577.3

## PRAYER FOR RELIEF

Answering the Prayer for Relief and Paragraphs (1) through (5) of the Prayer for Relief in the Complaint, Defendant denies that Plaintiff has been injured or that he has suffered any damages as a result of any conduct on the part of Defendant. Defendant further denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## JURY DEMAND

Answering the separately titled Jury Demand portion of the Complaint, Defendant admits that Plaintiff seeks a trial by jury but denies that he is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole and/or in part, by the statute of frauds.

2. Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages.

Defendant reserves the right to amend this Answer by adding additional affirmative defenses or counterclaims as further investigation, discovery and circumstances may warrant.

Respectfully submitted,

NATIONAL OPINION RESEARCH CENTER

By: /s/ David M. Burns
David M. Burns, Esq. # 466167
Noah A. Finkel, Esq. (*pro hac vice* application to be filed)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (fax)

June 29, 2006                            Attorneys for Defendant