**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STEPHEN WOODRUFF )
)
         **Plaintiff** )
    v. )       **Case No. 1:06-CV-00832(RJL)**
)
NATIONAL OPINION RESEARCH )
CENTER )
)
         **Defendant.** )
                             )

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S BREACH OF CONTRACT CLAIM (COUNT III).**

Plaintiff Stephen Woodruff hereby files this Memorandum in Opposition to

Defendant's Motion to Dismiss Plaintiff's Breach of Contract Claim (Count III). Contrary to

the assertion of Defendant National Opinion Research Center ("NORC"), the statute of frauds

does not bar Count III as a matter of law. Mr. Woodruff's employment contract is outside that

statute of frauds because: (1) the Complaint liberally construed and fairly read does not allege

an employment contract for definite term of years, and (2) the employment contract was

partially performed.

**A.**     **The Statute Of Frauds Generally Does Not Bar Claims For Breach Of**
           **Employment Contracts.**

The provision of the statute of frauds relied upon by NORC applies in only limited

circumstances. A contract which falls within the statute of frauds as one "not to be performed

within a year" is a contract whose performance "**could not possibly or conceivably be**

completed within one year." *Hodge v. Evans Financial Corp.*, 823 F.2d 559, 562 (D.C. Cir.

1985) (emphasis added). The enforceability of a contract under this provision does not

depend on the expectations of the parties. Rather, the statute is inapplicable, "if, at the time

the contract is formed, **any contingent event** could complete the terms of the contract within one year." *Id.* (emphasis added).   Additionally, it "makes no difference how improbable it is that the condition will occur within one year." *Id. quoting* 2 Corbin on Contracts § 445, at 542-43 (1950 & Supp. 1984).   If there is "any possibility" that the condition may occur within one year, the statute is inapplicable. *Id.*   Applying these rules, the *Hodge* Court ruled the statute was inapplicable to an oral contract for permanent employment. 823 F.2d at 565. The Court reasoned a contract for permanent employment was not a contract for a fixed term because the plaintiff could retire or die within one year. *Id.* at 564.

### B.   NORC Does Not Apply The Proper Standard Governing A Motion To Dismiss Under Rule 12(b)(6).

Mr. Woodruff's claim for breach of contract cannot be dismissed unless the Court finds "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   When applying this standard, the complaint "must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged." *Id.* Accordingly, "[a]ny ambiguities or uncertainties concerning the sufficiency of the pleading must be resolved in favor of the plaintiff." *Tyee v. United States Department of Justice,* 1990 WL 129438 (D.D.C. 1990). Rather than applying the above applicable standards, NORC is asking this Court to turn the standards on their head and construe Count III narrowly in favor of dismissing the claim.

2

**C.    Count III Does Not Allege An Employment Contract Of A Fixed Duration.**

NORC misconstrues the critical term supporting Count III.  The Breach of Contract count does not allege a claim based on a contract of fixed duration.  Rather, Mr. Woodruff's employment contract is alleged to have a duration  commensurate with NORC's contract to work on the National Immunization Survey (hereinafter referred to as the "NIS Contract"). Defendant's  NIS Contract was with the National Center for Health Statistics and the Center for Disease Control ("NCHS/CDC").  *See* Complaint ¶ 3.  It is not "beyond doubt" that NCHS/CDC possibly could have terminated the NIS Contract with NORC in less than a year. Accordingly, Mr. Woodruff's employment contract could have been performed in less than one year if the NIS Contract had been terminated in less than one year. For this reason, the statute is inapplicable. *Accord Snyder v. Hillegeist*, 246 F.2d 649, 651 (D.C. Cir.  1957); *Launay v. Launay, Inc.,* 497 A.2d 443, 449 n. 4 (D.C.1985).

The direct connection between the length of Mr. Woodruff's employment contract and the NIS Contract is made in the initial paragraphs of the Complaint.  Paragraph 3 provides, in relevant part, that "during the course of negotiations with Mr. Woodruff, two employees of NORC.... represented to Mr. Woodruff that his services were needed to fill the requirements for NORC's new contract... to conduct the National Immunization Survey."  The same paragraph goes no to state that NORC employees "represented to Mr. Woodruff the project would last at least five years and he would be employed **during the term of the project."** *Id.* (emphasis added).   The Complaint then goes on to alleged Mr. Woodruff "was lead to believe that he would be employed for the five year term **of the National Immunization Survey."** Complaint at ¶ 4.   The length of the employment contract is alleged to be dependent on the period NORC continues to work on the NIS Contract. The allegations clearly leave open the

3

possibility that the employment contract would end prior to five years if in fact NORC ceased work on the NIS Contract prior to five years  and possibly within one year.

The Complaint, where it alleges the act giving rise to the breach of the employment contract, specifically makes the connection between the duration of the employment contract and the term of the NIS Contract: "NORC breached the employment contract when it terminated [the employment contract] after four months and **despite the ongoing contract with NCHS/CDC to perform the National Immunization Survey.**" *See* Complaint at ¶ 37 (emphasis added).  As Count III makes clear, it is the fact that NORC continued to perform the NIS Contract  at the time it terminated Mr. Woodruff that is the ground for breach-- not simply that NORC did not employ Mr. Woodruff  for five years.

The foregoing makes clear that NORC's Motion is without merit, because it is based on the erroneous assertion that Mr. Woodruff's employment contract is alleged to be for a fixed term of five years. Even paragraph 36 of the Complaint, which NORC primarily relies upon, when read in the context of the above paragraphs of the Complaint, does not support the conclusion as a matter of law that the contract is alleged to be for a term of years.  Paragraph 36 itself connects the term of the employment contract to Mr. Woodruff's assignment "to work on the National Immunization Survey."  The reference to five years in Paragraph 36 merely refers to NORC's representation to Mr. Woodruff that the NIS contract would last five years and does not convert the employment contract which could have possibly been performed in one year to a contract for a fixed term. Complaint ¶3.  Read as a whole in conformance with the standard applicable to a Rule 12(b)(6) Motion to Dismiss, the Complaint can be fairly read to provide the duration of the Mr. Woodruff's employment contract was for as long as NORC was a party to the NIS Contract which could have ended within one year.

4

For these reasons, NORC's reliance on *Brown v. News World Communications, Inc.*, 1990 WL 137378 (D.D.C. 1990) is misplaced. There the plaintiff alleged specifically a two year employment contract. There was no allegation in *Brown* that the term of the employment contract at issue in that case was linked to the employer's contract to with a third party as in this case. The claim before this Court is analogous to that in *Snyder* where the Court of Appeals for the District of Columbia Circuit reversed a trial court which dismissed a an action to enforce an oral contract for a real estate commission. 246 F.2d at 651. The District of Columbia Circuit found the statute was inapplicable because the sale of building, for which plaintiff claimed he was entitled to commission under an oral contract, could have occurred in less than one year, although it did not. *Snyder v. Hillegeist*, (D.C. Cir. 1957). The same is true here, the NIS contract could have been terminated in less than one year and thereby caused Mr. Woodruff's contract to terminate within one year.

### D.    The Statute Of Frauds Is Inapplicable Because Woodruff's Employment Contract Was Partially Performed.

A further reason the statute is inapplicable to Count III is because the "partial performance" exception applies here. The statute does not apply where there has been partial performance by one or both of the parties to the oral agreement. *Fitzgerald v. Hunter Concessions, Inc.*, 710 A.2d 863, 865 (D. C. 1998). In *Fitzgerald*, the plaintiff alleged a five year oral contract to assist the defendant in connection with a contract the defendant had with the Smithsonian Institute to set up a Carousel. *Id.* at 864. Leaving aside the issue of whether

the contract was one that could have been performed within a year, [1] the Court denied the motion dismiss on the ground that defendant's payments to plaintiff pursuant to the contract for five years constituted partial performance, and therefore, the statute could not be applied. *Id.* at 865. In an analogous circumstance, the District of Columbia Court of Appeals ruled in another case that the statute of frauds would not be applied to block enforcement of a real estate contract where the plaintiff would suffer, if the contract was not enforced, substantial hardship and unjust injury in the form of expenditures for attorney's fees and architectural services made in reliance on the contract. *Landow v. Georgetown-Inland West Corp.*, 454 A.2d 310, 314 (D.C. 1982). The performance exception to the statute also applies here. In reliance on the employment contract, Mr. Woodruff left his employment at the U.S. Postal Service, and NORC paid Mr. Woodruff his salary.

## CONCLUSION

For all the above reasons, Plaintiff Woodruff urges this Honorable Court to deny the motion.

Respectfully submitted,
STEPHEN WOODRUFF

By:    /s/Nicholas Hantzes
       Nicholas Hantzes # 361450
       HANTZES & REITER
       1608 Spring Hill Road
       Suite 420
       Vienna, Virginia 22182
       (703) 378-5000
       (571) 633-0203

---

[1] As was the case with Mr. Woodruff's contract, the contract of Plaintiff in *Fitzgerald* was co-extensive with the Defendant's contract with the Smithsonian. The District of Columbia Court of Appeals questioned the plaintiff's counsel's decision "to concede" the contract was within the one year limitation of the statute. *Fitzgerald*, 710 A.2d at 865n 4. The Court specifically cited *Hodge* and *Lunay* in questioning counsel's "providence" in conceding that the contract was one that could not be performed in one year. *Id.* As set forth above, these cases support the proposition that such a contract could be performed in one year and plaintiff's counsel in *Fitzgerald* mistakenly conceded the applicability of the statute.