UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00832 (RJL) |
| ) | |
| NATIONAL OPINION RESEARCH ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S BREACH OF CONTRACT CLAIM (COUNT III)**

Plaintiff Stephen Woodruff has alleged that he had an employment contract with National Opinion Research Center ("NORC") that guaranteed him employment for five years. As explained in NORC's opening brief, the alleged contract thus falls within the Statute of Frauds. In his opposition, Plaintiff contends that the Statute of Frauds does not bar his claim because -- contrary to the allegations in his complaint -- he is claiming that his employment agreement could have been performed in one year because it was tied to the length of a project that could have been cancelled in less than a year. He also contends that the doctrine of partial performance takes the alleged contract out of the Statute of Frauds. These arguments must fail. Try as he might, Plaintiff unequivocally has asserted that his alleged term of employment was to be for five years. Further, Plaintiff's partial performance argument must fail because Plaintiff has not suffered an unjust and unconscionable injury.

**I.    The Statute Of Frauds Applies To Employment Contracts; Plaintiff Has Pled An Alleged Contract Of Employment For Five Years**

Plaintiff first claims that "the Statute of Frauds generally does not bar claims for breach of employment contracts." Opp. at 1. This is patently incorrect, as this Court and the United

States Court of Appeals for the District Of Columbia have recognized. *See*, *e.g.*, *Hodge v. Evans Financial Corp.*, 823 F.2d 559 (D.C. Cir. 1987); *Brown v. News World Communications, Inc.*, 54 Fair Empl. Prac. Cas. (BNA) 211 (D.D.C. 1990); *O'Rourke v. Audio Stats Educational Servs., Inc.*, 1989 WL 43956, No. 85-2768 (D.D.C. Apr. 18, 1989). The key is whether the term of employment is for a period of more than one year (and, therefore not capable of being performed within one year) or whether it is for some other period (e.g., "permanent" or "for life") that makes it capable of being fully performed within one year (e.g., the death of an employee within one year would still constitute fulfillment of a contract of employment that is "for life" or that is "permanent").[1]

Because the Statute of Frauds clearly applies to and bars claims based on an oral agreement for employment of more than one year, Plaintiff takes great pains in his Opposition to argue that he has not pled an alleged contract of employment for more than one year. Plaintiff suggests that his employment agreement could have been fully performed within one year because the length of his employment was tied to the length of the National Immunization Survey ("NIS") project (and that, perhaps this project could have been terminated in less than one year). Opp. at 3-4. Plaintiff's argument, to be sure, is clever. But Plaintiff's Complaint allegations contradict his argument.

As noted in NORC's Motion, Plaintiff asserts that, he was told that the NIS "project would last five years and he would be employed during the term of the project" (Compl. ¶ 3), that "Defendant[] made the following statements of fact: . . . the [NIS] Contract . . . had a five-

---

[1] Indeed, in *Hodge*, the plaintiff alleged that he and the defendant had entered into an oral employment contract for "permanent" employment. 823 F.2d at 561. The *Hodge* court stated that "an oral employment for a stated, definite term of years exceeding one year . . . is unenforceable on the rationale that the employee's possible death within one year would 'defeat' rather than 'complete' the express terms of the contract." *Id.* at 563.

year term, and . . . [Plaintiff] would be employed during the term of the project." Compl. ¶¶ 16, 34, 35.  Additionally, and quite telling, in paragraph 19 of the Complaint, Plaintiff also alleges that he "***believ[ed] that he would be employed five years at NORC.***"  Compl. ¶ 19 (emphasis added).  Plaintiff does not allege that he thought he would be employed for five years so long as the NIS project was still in place.  Rather, he unequivocally asserts that his alleged term of employment was to be for five years.

Thus, it is beyond doubt that Plaintiff has pled an alleged oral contract of employment for a five-year term.  As such, Plaintiff's breach of contract claim is barred by the Statute of Frauds and should be dismissed.

**II.     The Partial Performance Doctrine Does Not Take Plaintiff's Alleged Five-Year Contract Of Employment Out Of The Statute Of Frauds**

With the Statute of Frauds clearly applying to his alleged employment contract, Plaintiff briefly argues that his alleged partial performance and reliance on the five-year term of employment prevents the application of the Statute of Frauds.  Opp. at 5-6.  But as this Court noted in *O'Rourke*, "[g]enerally, part performance of an employment contract will not remove it from within the statute."  1989 WL 43956 at *2.  In order to establish the alleged part performance/reliance, "the promisee must be able to show that he has changed his position substantially for the worse and that he has incurred unjust and unconscionable injury."  *Id.*

In *O'Rourke*, the plaintiff alleged an oral contract of employment for a period of three to five years.  1989 WL 43956 at *1.  The plaintiff had resigned his previous employment based on the alleged oral employment agreement, started working for the defendant and was fired sixteen days later.  *Id.*  The plaintiff then sued for breach of contract, but defendant argued that the claim was barred by the Statute of Frauds.  *Id.* *1-2.  In an attempt to avoid the Statute of Frauds, the plaintiff argued that he had he had worked for the employer for a period of time and, in reliance

3

on the oral agreement, he quit his prior job. *Id.* *2. The Court rejected the plaintiff's argument: "the Court concludes that plaintiff's decision to leave his previous employment [in addition to expenses he incurred] does not constitute an unjust or unconscionable injury that would require the Court to disregard the statute of frauds." *Id.* *2-3.

Just so here. Plaintiff argues that "[t]he performance exception to the statute . . . applies" and that "[i]n reliance on the [alleged] employment contract, [Plaintiff] left his employment with the U.S. Postal Service." Opp. at 6. As in *O'Rourke*, however, this "does not constitute an unjust or unconscionable injury." Plaintiff's alleged contract thus continues to be governed by the Statute of Frauds and should be dismissed.

                Respectfully submitted,

                NATIONAL OPINION RESEARCH CENTER

                By: /s/ David M. Burns
                    David M. Burns, Esq. # 466167
                    Noah A. Finkel, Esq. (*pro hac vice* application to be filed)
                    SEYFARTH SHAW LLP
                    815 Connecticut Avenue, N.W., Suite 500
                    Washington, DC 20006-4004
                    (202) 463-2400
                    (202) 828-5393 (fax)

July 20, 2006                Attorneys for Defendant

DC1 30169800.2