UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00832 (RJL) |
| ) | |
| NATIONAL OPINION RESEARCH ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT LOCAL RULE 16.3 REPORT

Pursuant to Local Rule 16.3(d) and the Court's May 24, 2006 Case Management Order, undersigned counsel hereby submit their joint written report in the above-captioned case.

**I. Statements Of The Facts Of The Case**

    **A.    Plaintiff's Statement**

This action is brought by Stephen Woodruff against Defendant National Opinion Research Center ("NORC"), his former employer, for fraud, negligent misrepresentation, breach of contract, and promissory estoppel arising from the termination of employment. During the course of negotiations with Mr. Woodruff prior to his accepting employment, NORC employees made the following statements of fact: (a) Mr. Woodruff services were needed to fill the requirements for NORC's new contract with the NCHS/CDC to perform the National Immunization Survey; (2) NORC's Contract to work on the National Immunization Survey had a five year term, and (3) Mr. Woodruff would be employed during the term of the project. NORC made these statements to induce Mr. Woodruff to leave his employment of seven years with the US Postal Service. However, the statements were false as NORC was not committed to maintain Plaintiff's employment with NORC for the period of its contract with National

Immunization Survey. Not knowing that the statements were false, Mr. Woodruff relied on the statements, left his employment with the U.S. Postal Service and began employment with NORC. He was unceremoniously terminated in four months despite the fact that NORC still maintained its contract to perform the National Immunization Contract.

### B.   Defendant's Statement

Defendant's offer of employment to Plaintiff was for at-will employment. Plaintiff was an at-will employee. Defendant did not represent or in any way suggest that Plaintiff's employment would be for a certain length of time or for the length of any project. Plaintiff's breach of contract claim at Count III of his Complaint is barred by the District Of Columbia's Statute of Frauds. D.C. Code § 28-3502.

## II.   Local Rule 16.3(c) Matters

The following constitutes the parties' positions with respect to each of the items set forth in Local Rule 16.3.

**(1)   Dispositive Motions**: Defendant anticipates filing a motion for summary judgment and believes that all of Plaintiff's claims will be dismissed as a result. Defendant's "Motion To Dismiss Plaintiff's Breach Of Contract Claim (Count III)" is currently pending before the Court. The parties do not recommend that discovery or other matters be stayed pending a decision on the motion to dismiss. The Plaintiff does not anticipate filing a motion for summary judgment because the nature of the case is such that there will be material issues of disputed fact, and therefore, summary judgment will not be appropriate. Plaintiff will dispute his employment was at-will and, in any event, an employer can not intentionally induce a prospective employee to leave other employment based on false and misleading statements.

**(2)	Joinder/Amendment of Pleadings:** The parties agree that joinder and amendment of pleadings should be completed within 15 calendar days after the Court rules on Defendant's pending Motion to Dismiss Count III. At this time, the parties are not able to agree upon or narrow any factual or legal issues in this case.

**(3)	Assignment to Magistrate Judge:** The case should not be assigned to a Magistrate Judge for all purposes.

**(4)	Possibility of Settlement:** The parties are not yet able to assess the possibility of settlement, but will be in a better position to do so after taking discovery. \

**(5)	Alternative Dispute Resolution:** The parties have considered the factors identified in the rule for ADR and have discussed the matter with their clients. The parties believe that ADR, if at all, would be most fruitful after the taking of substantial discovery and prefers to revisit the question of whether this case would benefit from additional ADR at that time.

**(6)	Dispositive Motions scheduling:** Defendant believes the case will be resolved by summary judgment. Plaintiff disagrees. The parties agree that final dispositive motions should be filed by January 15, 2007, with oppositions, cross-motions and replies due in accordance with the Rules of Civil Procedure and the Local Rules of this Court. The parties will defer to the Court regarding when the Court will decide any dispositive motions that have been filed.

**(7)	Initial Disclosures:** The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.C.P.

**(8)	Extent of Discovery:** The parties propose November 30, 2006 (134 days after the Rule 26(f) Conference) as the deadline for conducting discovery. Other limitations on

DC1 30169286.3

discovery shall conform to the Local Rules of this Court and the Federal Rules of Civil Procedure. Depending on the nature of the documents and information sought during discovery, one or both of the parties may seek or enter into a general protective order regarding confidential or proprietary documents or information produced and/or disclosed in the course of the case.

**(9)** **Expert Witness Reports:** The parties have agreed to the following schedule for expert discovery: Plaintiff's Rule 26(a)(2) expert disclosures should be due on September 15, 2006; Defendant's Rule 26(a)(2) expert disclosures should be due on October 16, 2006 (thirty-one (31) days after Plaintiff's expert disclosures); any rebuttal expert disclosures should be due on November 1, 2006. The parties propose November 30, 2006 as the deadline for conducting expert discovery, including depositions.

**(10)** **Class Actions:** Not Applicable.

**(11)** **Bifurcated Trial/Discovery:** The parties agree that, at this time, neither discovery in this case nor trial should be bifurcated.

**(12)** **Pretrial Conference Date:** Plaintiff proposes that at the Initial Status Conference that the Court set the trial date and date for the pretrial conference. Defendant proposes that: (a) a pretrial conference be held sixty (60) days after the Court rules upon dispositive motions filed after the close of discovery, if any; and (b) if no dispositive motions are filed, a pretrial conference be held ninety (90) days after the close of discovery.

**(13)** **Trial Date:** Plaintiff proposes that at the Initial Status Conference that the Court set the trial date and date for the pretrial conference. Defendant proposes that the trial date should be set at the pretrial conference.

**(14)** **Other Matters: Location of Depositions --** Plaintiff seeks to avoid disputes regarding the location of depositions. Plaintiff respectfully requests that the Court at the Initial

Pretrial Conference resolve the issue of the location of the depositions of Defendant representatives.  As Defendant maintains a major office in Washington D.C. and Plaintiff worked in this jurisdiction that the depositions of all Defendant's management personnel should take place in Washington D. C.  This would include but not necessarily be limited to the two individuals identified in the Complaint who made the representations at issue to Plaintiff: Mr., Kirk Wolter and Rachel Harter.  Additionally, the deposition of any employee of NORC who has worked in this jurisdiction for any significant period of time should also take place in Washington, D.C.

     Defendant does not agree that all depositions of company representatives or personnel who live and work in Chicago or elsewhere outside of Washington, D.C. should take place in D.C., as it is counter to the general rule that deposition of corporate representatives be taken at the corporation's principal place of business and, with respect to a non-party individual, in the jurisdiction in which the individual is subject to the Court's subpoena power.  Moreover, Defendant disagrees with a blanket determination that depositions should take place in D.C. without considering the circumstances related to each individual that Plaintiff may seek to

depose. Nevertheless, Defendant is confident that the parties will be able to reach agreement on this issue through a meet and confer prior to bringing a discovery dispute before the Court.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| STEPHEN WOODRUFF | NATIONAL OPINION RESEARCH CENTER |
| By: /s/ Nicholas Hantzes <br> Nicholas Hantzes, Esq. # 361450 <br> 1608 Spring Hill Rd., Suite 420 <br> Vienna, Virginia 22182 <br> 703-378-5000 <br> 571-633-0203 (facsimile) <br><br> Counsel for Plaintiff | By: /s/ David M. Burns <br> David M. Burns, Esq. # 466167 <br> Noah A. Finkel, Esq. (admitted *pro hac vice*) <br> Seyfarth Shaw LLP <br> 815 Connecticut Avenue, N.W., Suite 500 <br> Washington, DC 20006-4004 <br> (202) 463-2400 <br> (202) 828-5393 (fax) <br><br> Counsel for Defendant |