UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF )<br>)<br>Plaintiff )<br>v. )<br>)<br>NATIONAL OPINION RESEARCH )<br>CENTER )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:06-CV-00832(RJL) |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Stephen Woodruff hereby moves this Honorable Court, pursuant to Rule 37((3) and 37(4) of the Federal Rules of Civil Procedure, to enter and order compelling Defendant National Opinion Research Center ("NORC") to provide full and complete answers to following numbered interrogatories and document requests from Plaintiff's First Set of Interrogatories and First Request for Production of Documents:  Interrogatories 1, 2, 3, 5, 7, 9, 11, 12, 13, 15, 16, 17 and document requests numbered 1, 6, 11. The Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and Defendant's Objections and Responses to Plaintiff's First Set of Document Request, which set forth the interrogatories and document requests as well as the objections, are attached hereto as Exhibit 1 and 2 respectively.

Defendant has refused to provide complete answers to basic discovery requests.  For example, Plaintiff's interrogatory number 2 seeks the identification of persons with knowledge of any claims or defenses set forth in the Complaint and a brief description of their areas of knowledge.  Defendant has objected to the interrogatory by the assertion of the attorney client and work product privilege as well as incorporating 11 general objections. The interrogatory does not seek information beyond the scope of discovery as defined in Rule 26(b)(1). The name of a person with knowledge of the claims or defenses and a brief description of their area of

knowledge is not work product and is not privileged. Moreover, Defendant has not produced a privilege or work product log. Plaintiff is entitled to an answer to interrogatory 2, as well as numerous other interrogatories, without any objections. Objections, if permitted to remain, provide an avenue for Defendant to conceal discovery which is essential to a resolution of this dispute on the merits.

In addition to not answering basic interrogatories, Defendant NORC has refused to answer interrogatories and produce documents in response to requests which directly relate to the claims and defenses in this action. Essentially, Defendant NORC has produced only documents and answered interrogatories in a manner that advances its defenses on a superficial level. It is blocking, through the assertion of frivolous relevance objections, the production of documentary discovery, which would support Plaintiff's claims and which would potentially undermine NORC's superficial statement of defenses to the claims.

Pursuant to Fed.R.Civ.P. 37(2)(A), Plaintiff hereby certifies, through undersigned counsel, that he has in good faith conferred with Defendant's counsel in an effort to secure disclosure of the discovery without court action. Attached hereto as Exhibits 3 and 4 is correspondence between undersigned counsel for the Plaintiff and David Burns, counsel for Defendant, which reflects Plaintiff's good faith attempt to resolve the discovery dispute. In further support of this Motion, Plaintiff relies on the attached Memorandum in Support of Plaintiff's Motion To Compel.

WHEREFORE Plaintiff urges this Honorable Court to enter an order compelling Defendant within seven days to produce full and complete answers to the interrogatories and document requests identified above and to award reasonable attorney's fees to plaintiff and such further and additional relief as the Court deems proper.

Respectfully submitted,

        STEPHEN WOODRUFF

By:   /s/Nicholas Hantzes_____
      Nicholas Hantzes # 361450
      HANTZES & REITER
      1608 Spring Hill Road
      Suite 420
      Vienna, Virginia 22182
      (703) 378-5000
      (571) 633-0203