UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>NATIONAL OPINION RESEARCH )<br>CENTER )<br>)<br>**Defendant.** )<br>_____) | Case No. 1:06-CV-00832(RJL) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Stephen Woodruff hereby files this Memorandum in Support Of Plaintiff's Motion To Compel. Plaintiff seeks and order compelling Defendant National Opinion Research Center ("NORC") to provide full and complete answers to Plaintiff's First Set of Interrogatories numbered 1, 2, 3, 5, 7, 9, 11, 12, 13, 15, 16, 17 and First Request for Production of Documents numbered 1, 6 11. The discovery requests are relevant to the claims and defenses and are likely to lead to admissible evidence.

**FACTUAL BACKGROUND**

This action is brought by Stephen Woodruff against Defendant NORC, his former employer, for fraud, negligent misrepresentation, breach of contract, and promissory estoppel arising from the termination of employment. During the course of negotiations with Mr. Woodruff prior to his accepting employment, NORC employees made the following statements of fact: (a) Mr. Woodruff services were needed to fill manpower requirements due to NORC's new contract with the NCHS/CDC to perform the National Immunization Survey ("NIS project"); (2) NORC's Contract to work on the NIS project had a five year term, and (3) Mr. Woodruff would be employed during the term of the project. NORC made these

statements to induce Mr. Woodruff to leave his employment of seven years with the US Postal Service. These statements were made to Plaintiff in December 2004. However, the statements were false, as NORC was not committed to maintain Plaintiff's employment with NORC for the period of its contract with NIS project. Not knowing that the statements were false, Mr. Woodruff relied on the statements, left his employment with the U.S. Postal Service and began employment with NORC. Plaintiff started employment with NORC on February 28, 2005. He was unceremoniously terminated in four months, in June 2005, despite the fact that NORC still maintained its contract to perform the NIS Contract.

Essentially, NORC's defense is that it terminated Mr. Woodruff because NORC's planned work on a contract with country of Qatar and dropped by $10 million and the NIS project dropped by $2 million, that resulted in a need to adjust NORC's payroll to a tighter budget for the remainder of 2005. *See* Defendant's Answer at ¶ 9. Defendant asserts these reasons were told to Plaintiff. *Id.* In fact, Plaintiff never was aware of a Qatar contract while employed by NORC and did not learn of it until he received a copy of the Answer. Defendant also asserts that the contract was "at will" and therefore did not commit fraud or breach of contract. *Id.* at ¶ 18.

## ARGUMENT

Rule 26(b)(1) requires the production of discovery "regarding any matter, not privileged, that is not relevant to the claim or defense of any party." The term "relevance" is "broadly construed, and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence. *Burlington Insurance Co. v. Okie Dokie, Inc.* 368 F.Supp.2d 83, 86 (D.D.C. 2005). Relevance includes information, which "'will have some probable effect on the organization or presentation of the

moving party's case.'" *Id., quoting Smith v. Schlesinger*, 513 F.2d 462, 473n. 37 (D.C. Cir 1975). As the term "relevance "is to be liberally construed, information is outside the scope of discovery only if it has "'no conceivable bearing on the case'." *Burlington Insurance*, 368 F.2d at 86, *quoting Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1342 (D.C. Cir. 1984). All of Plaintiff's discovery is essential to Plaintiff's case and has a bearing on the claims and defenses.

Below are the specific interrogatories and document request for which Plaintiff seeks an order compelling discovery. The Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and Defendant's Objections and Responses to Plaintiff's First Set of Document Request are attached hereto as Exhibit 1 and 2 respectively to Plaintiff's Motion To Compel.

INTERROGATORY 1. Identify any and all documents, notes, or other writings that reflect any and all communications by and between you and any person or entity relating in any manner to Plaintiff including communications among NORC employees, agents and representatives from January 1, 2003 to the present.

This interrogatory, when coupled with document request 1 seeking documents identified in response to any interrogatory, seeks the production of communications related to the termination of Plaintiff--none of which have been produced. Defendant objects to this interrogatory on the ground that it is overbroad as to time and scope and seeks information not relevant or reasonably calculated to lead to admissible evidence and on the ground of undue burden. Defendant only response is this interrogatory was to direct Plaintiff to personnel e-mails relating to the offer of employment.

Defendant simply refuses to produce any documents in response to this interrogatory or any other interrogatory or document requests that supports its asserted basis for terminating Plaintiff. There are no communications produced relating to the reduction in work on the

3

Qatar contract or NIS contract that is the asserted defense. Defendant has produced no documents showing the dollar value of the revenue or profit on either of these contracts at the time Plaintiff was hired through the date of his termination and within a reasonable time thereafter. There are no documents produced relating to the process by which Plaintiff was selected for termination, how and why he selected and who was involved in the termination process. There are no documents reflecting whether others were terminated. Plaintiff is clearly entitled to documents that relate directly to Defendant's asserted basis for terminating Plaintiff. The requested information and documents clearly fall squarely within the scope of rule 26(b)(1).

      Moreover, plaintiff is entitled to test the credibility of NORC's explanation for his termination by requesting the production of documents which would support the purported explanation for his termination. *Ford v. CSX Transportation, Inc.*, 162 F.R.D. 108, 111 (E.D. N.C. 1995); *United States v. International Business Machines*, 66 F.R.D. 215, 218-19 (S.D. N.Y. 1974). Clearly such documents would have a probable effect on the Plaintiff presentation of his case, because they would be used in cross-examination to impeach and to show Defendant's willingness to make misrepresentations. As set forth above, plaintiff never had any knowledge of a Qatar contract and denies he was ever told by anyone at NORC about that contract in connection with the termination conversation. Hence, Plaintiff is entitled to have any document which would show the Qatar contract was ever mentioned to him. As the record stands, NORC appears to have given a false explanation in its Answer for terminating Plaintiff. As long as Defendant is permitted to continue to assert unsupported objections, it can conceal such documents and others critical to Plaintiff's case.

4

Plaintiff also seeks by this request documents generated by Plaintiff and by others which refer to him generated by others with whom he worked. Plaintiff is entitled to show as part of his case that he fully met the expectations placed upon him. Plaintiff is entitled to know now whether Defendant will seek to dispute Plaintiff's position that his work was excellent and meet all expectations. The objection that the request is overly burdensome is without substance because Plaintiff was only employed for 4 months.

INTERROGATORY 2. Identify any and all persons with knowledge of any the claims set forth in the Complaint or any defenses of Defendant, including any person with knowledge of facts which you contend could support dismissal of Plaintiff's claim, and for each such person indicate a brief description of their area of knowledge and the extent of their knowledge.

As set forth in the Motion, this is a rudimentary request seeking the identification of persons with knowledge of the claims and defenses to which there should be no objection whatsoever. Defendant has objected to the interrogatory with the assertion of the attorney client and work product privilege as well as incorporating 11 general objections. The interrogatory does not seek information beyond the scope of discovery as defined in Rule 26(b)(1). This interrogatory does not seek privileged information or work product. In any event, Defendant cannot rely on those objections because it has not produced a privilege or work product log.

INTERROGATORY 3. Set forth any and all facts which support any defense to the claim asserted against Defendant and include in your the identity of persons with knowledge of your answer and the identity of documents which support your answer.

In response to this rudimentary interrogatory seeking the facts upon which support NORC's defenses, Defendant refers Plaintiff to documents being produced in response to the Plaintiff's document request. The production of documents pursuant to Rule 33(d) is not appropriate because the burden on plaintiff of deriving the answer to the interrogatory is not equal to the burden on Defendant. Plaintiff cannot be expected to construct NORC's defense

5

and set forth facts which support it. While Plaintiff has proffered a supplemental interrogatory answer by way of a letter, which is Exhibit 4, the answer is not sufficient because, as set forth above, Defendant has utterly failed to provide documents that support the answer. Additionally, Defendant must also withdraw all objections.

INTERROGATORY 5. Identify any and all persons who have been or are assigned to the Immunization Survey Contract or otherwise have performed or are performing work on the Contract and for each person set forth his or her title/position(s) with NORC, a brief description of the nature and extent of his or her work, his or her dates of employment and rate of compensation.

This interrogatory properly seeks information concerning the manpower levels on the NIS project. Defendant objects to this interrogatory on the ground that it is overbroad as to time and scope and seeks information not relevant or reasonably calculated to lead to admissible evidence, on the ground of undue burden and seeks private information about employees. The interrogatory answer then goes on to set forth the same factual statement which NORC set forth in its Answer relating to the purported reduced work on the Qatar contract and NIS contract. As set forth above, Defendant has refused any documents relating to this very statement of its defense. It must do so.

The interrogatory also is relevant to the claim as it relates directly to the representations that underlie the claim, including NORC's representation to Plaintiff that work was available to support his employment and he would be employed as long as NORC had the NIS Contract. The requested information or documents showing the level of available work on the NIS project and persons assigned would show whether in fact NORC had a need for Plaintiff when it recruited him in December 2004 whether there was any real change in its needs on the NIS contract between December 2004 and Plaintiff's termination in June 2005. It would certainly be consistent with Plaintiff's fraud claim that NORC never intended to keep

6

Plaintiff employed for the represented lengthily term of the NIS contract if the documents show NORC did not have a need for Plaintiff in December.

The information relating to the manpower needs on the NIS contract are especially relevant in light of Defendant's assertion, which Plaintiff denies, that the alleged reduction in work on the Qatar contract was part of the reason he was terminated. Defendant's mention of the Qatar contract supports the conclusion that the reduction in work on the NIS contract itself was not a material justification for terminating Plaintiff. Furthermore, it appears Defendant belatedly recognized that fact after this case was filed, and it has now misrepresented in its Answer that Plaintiff was told of the purported reduction in a Qatar contract as a reason for his termination in an attempt to conceal its fraudulent intent and breach of contract. Plaintiff is entitled to see the documents which support its calculation of a $2 million reduction in work. Defendant cannot be permitted to stand on the naked assertions without producing the documents which support the conclusions.

As to the assertion that the information is private, the interrogatory does not seek private information. In any event, Plaintiff has offered to enter into a protective order to the extent NORC believes the requested information is private.

INTERROGATORY 7. Identify any and all persons who are or have been involved in the administration of the Immunization Survey Contract and for each person set forth their position(s) with NORC, a brief description of the nature and extent of their involvement and identify any and all communications which said persons had relating in any manner to the Contract.

This interrogatory seeks the identity of the persons who would know what the level of work was on the NIS contract. Defendant again insists this information is irrelevant. Defendant refuses to identify all the persons who would have direct knowledge of its asserted explanation for Plaintiff's termination. There is no legitimate basis for doing so. Plaintiff is

7

entitled to know the names of those persons, have the relevant documents and take the depositions of said persons.

INTERROGATORY 9. Identify any and all persons who were involved in any manner in decision to offer employment to Plaintiff with NORC and for each person set forth a brief description of the nature and extent of their involvement and identify any and all communications which said persons had relating in any manner to the offer of employment.

Remarkably, Defendant has objected to this interrogatory seeking the names of persons involved in the decision to terminate Plaintiff on the ground that that it is overbroad as to time and scope and seeks information not relevant or reasonably calculated to lead to admissible evidence and on the ground of undue burden.  The case is about the termination of the Plaintiff. Obviously, Plaintiff is entitled to know the identity of persons involved in the decision and their communications relating to the decision.   There can be no legitimate basis for defendant to make any objections to this interrogatory and NORC should be required to withdraw all objections to it.

INTERROGATORY 11. Identify any and all contracts and/or projects on which Plaintiff was assigned and for each such contract set forth the parties to the contract, its term, scope of work and any identifying number.

 INTERROGATORY 12. Identify any and all contracts or projects on which Plaintiff performed work, and set forth a brief description of his work.

INTERROGATORY 13. For each contract or project on which Plaintiff performed work, identify any and all person who worked on the same contracts or project between January 1, 2004 to the present and for each person identify their title, a brief description of the work he or she performed, his or her dates of employment and rates of compensation.

These interrogatories seek information relating to the matters on which Plaintiff worked while employed by NORC. Defendant objected to each of these interrogatories on the ground that they are overly board in scope and seeks information not likely to lead to admissible evidence.  Plaintiff has supplemented discovery by identifying the names of the contracts and a brief description of plaintiff's work. However, it has produce no documents

8

which show what contracts or project upon which Plaintiff worked. NORC's assertion that the information is irrelevant is erroneous. It is relevant to the course of his performance, the nature of the matters assigned to him, and the quality of his work. Moreover, it is relevant to the claims. Plaintiff was never given the opportunity to work on the NIS project. It is relevant to the claim that Defendant never intended to employ Plaintiff during the term of the NIS Contract that in fact he worked on other projects. Information as to whether there was still work to be done on the very projects and contracts in which Plaintiff worked would also tend to show whether Defendant had a need to terminate Plaintiff. If there was still work on other projects, that fact would tends to show NORC never intended to employ him during the term of the NIS contract.

INTERROGATORY 15. Identify any and all persons or entities to whom you provided a copy of Plaintiff's resume and include in your answer the date the resume was provided and identify any and all communications or documents with which accompanied the resume.

Defendant refuses to supply information relating to NORC's use and dissemination of Plaintiff's resume claiming that it is irrelevant. It is relevant because it may explain why NORC initially offered to employ him. Specifically, NORC offered to employee Plaintiff and misrepresented its commitment to him to induce him to provide a copy of his resume so NORC could use his excellent credentials in proposals for other contracts. A person is entitled to know to what organizations his resume has been provided and for what purpose. Defendant must be required to provide a full and complete answer to this interrogatory.

INTERROGATORY 16. Identify any and all representatives of National Center for Health Statistics and the Center for Disease Control that communicated with NORC in any manner with respect to the Immunization Survey Contract or their work thereon including the administration of said Contract and for each such person identify their title/position.

Plaintiff has narrowed this interrogatory to the identification of persons at the National Center for Health and Statistics and Center for Disease Control who administered the

Contract. *See* Exhibit 3 at page 3.  Defendant refuses to provide this information. It should be provided for the reasons set forth with respect to interrogatory 7 above.

INTERROGATORY 17. Identify any and all communications NORC had with the United States Postal Service regarding in any manner the Plaintiff or any work, document or paper that he generated while at NORC or the Postal Service or in any other capacity from January 1, 2003 to the present.

Defendant objects to this interrogatory seeking information relating to communications with Plaintiff's former employment on the ground that it is overly board in scope and seeks information not likely to lead to admissible evidence.  The irony with respect to this interrogatory is that Defendant has recently served a subpoena on the USPS and has served a second set of request for production of documents relating to information from USPS.  Clearly if Defendant seeks information from Plaintiff's prior employer, it must produce information and documents in its files which relate to USPS and Plaintiff.

DOCUMENT REQUEST 1. Any and all documents identified in response to your answers to interrogatories.

Plaintiff is entitled to the documents responsive to this request which should be identified in response to the interrogatories identified above for the reasons set forth above.

DOCUMENT REQUEST 6. Any and all documents relating to the Immunization Survey Contract identified in the complaint including copies of contracts or other documentation generated in connection with administration and performance of the contact and all documents containing communications by or between Defendant, the National Center for Health Statistics or the Center for Disease Control or documents received and provided by Defendant, the National Center for Health Statistics or the Center for Disease Control.

Defendant objected to this request seeking documents relating to the NIS project on the ground that it is overbroad as to time and scope and seeks information not relevant or reasonably calculated to lead to admissible evidence and on the ground of undue burden. Plaintiff narrowed the request to the production of the following information: (1) copy of the Contract including any amendments or modifications; (2) billing/invoice information from

10

January 1, 2004 through January 30, 2006; (3) communications relating to the administration of the contract between January 1, 2004 through January 30, 2006; and (4) project management documents including performance schedules or milestones and performance pursuant thereto. This information, as explained above with respect to interrogatories 1 and 5, is directly relevant to the claims and defense and is properly limited to minimize the burden on Plaintiff.

DOCUMENT REQUEST 11. Any and all documents showing, containing or related to the termination of Plaintiff's employment.

Defendant objects to this request on the grounds of relevance. This request without question is relevant as to the claims are about Plaintiff's termination from employment. Defendant must be required to produce all responsive documents without objection.

## CONCLUSION

The foregoing demonstrates that Defendant has engaged in dilatory conduct designed to prevent a resolution of the claims on the merits. It should be compelled to produce full and complete answers to the interrogatories and document requests identified above within 7 days. Additionally, its objections were not substantially justified and accordingly NORC should be ordered to pay Plaintiff's legal fees in connection with preparation of this Motion, any reply and Court appearance.

Respectfully submitted,
STEPHEN WOODRUFF

By:   /s/Nicholas Hantzes_____
       Nicholas Hantzes # 361450
       HANTZES & REITER
       1608 Spring Hill Road
       Suite 420
       Vienna, Virginia 22182
       (703) 378-5000
       (571) 633-0203