# EXHIBIT  1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEPHEN WOODRUFF            )
                           )
    Plaintiff             )
                           )
    v.                    )    Case No. 1:06-CV-00832 (RJL)
                           )
NATIONAL OPINION RESEARCH   )
CENTER                      )
                           )
    Defendant.            )
_____)

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant National

Opinion Research Center ("NORC" or "Defendant") hereby submits these Objections and

Responses to Plaintiff's First Set Of Interrogatories.

## EXPLANATION AND GENERAL OBJECTIONS

1.    NORC objects to these Interrogatories to the extent they request information from

persons or entities other than NORC.

2.    NORC objects to the proposed "Definitions and Instructions" to the extent that

these exceed the permissible scope of discovery requests under the Federal Rules of Civil

Procedure and the Local Rules of this Court.

3.    NORC also submits these responses subject to, without intending to waive and

expressly preserving: (a) any objections to materiality, privilege, and admissibility of any of the

responses; and (b) any objections related to the same or similar subject matter of any response or

of the interrogatory to which any response is made.

4. NORC objects to these Interrogatories to the extent that they purport to require NORC to obtain information from, or with respect to, persons not currently in its employ and/or over whom it has no control on the grounds that each such interrogatory or document request exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

5. NORC objects to these Interrogatories to the extent they seek attorney work product, trial preparation materials, identification or production of documents prepared in anticipation of litigation and/or after the commencement of this litigation, or documents, information or communications protected by the attorney-client privilege, any other applicable privilege and/or Rules 26(b)(3) and/or 26(b)(4)(B) of the Federal Rules of Civil Procedure.

6. NORC objects to these Interrogatories to the extent they purport to expand its obligations beyond those required by the Federal Rules of Civil Procedure.

7. NORC objects to these Interrogatories to the extent that they are overbroad as to time and scope and/or to the extent that they purport to require the production of information which is immaterial, irrelevant and/or which is not reasonably calculated to lead to the discovery of admissible evidence in this action.

8. NORC objects to these Interrogatories to the extent that the information and documents which Plaintiff seeks to obtain are readily accessible to, or in the custody or control of Plaintiff, his attorneys or agents.

9. NORC objects to Plaintiff's interrogatories to the extent that the burden or expense of responding to such interrogatories outweigh their likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the

DCI 30170284.1

issues at stake in the litigation, and the importance of the information and documents in resolving the issues.

10.     Each and every response to these Interrogatories is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular Interrogatory request is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

11.     NORC also notes that, in accordance with Fed. R. Civ. Proc. 33(d), it responds to some Interrogatories by specifying documents from which the requested information may be ascertained or derived. Unless otherwise stated herein, NORC will make available for inspection and copying at Plaintiff's expense the documents it identifies in these responses.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all documents, notes, or other writings which reflect any and all communications by and between you and any person or entity relating in any manner to Plaintiff including communications among NORC employees, agents and representatives from January 1, 2003 to the present.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to time and scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint alleges that he "entered into negotiations with NORC in connection with potential employment" "[i]n December of 2004," and brings claims based on alleged representations, promises and/or contract regarding the length of time he was to be employed by NORC. Yet, this Interrogatory seeks communications regarding Plaintiff regardless of their relevance to Plaintiff's allegations and back to January 1, 2003. NORC furthers objects on the ground that the burden and expense of responding to this interrogatory outweighs its likely benefit. Subject to and without waiving its specific and

3

general objections, and limiting its response to communications regarding the terms of

employment or potential employment with NORC represented to, offered to, negotiated with, or

accepted by Plaintiff during late 2004 through the start of his employment with NORC,

Defendant refers Plaintiff to documents being produced in response to Plaintiff's First Set Of

Document Requests, including documents labeled DEF-027 to DEF-028, and DEF-063.

<u>INTERROGATORY NO. 2</u>:  Identify any and all persons with knowledge of any the claims set forth in the Complaint or any defenses of Defendant, including any person with knowledge of facts which you contend could support dismissal of Plaintiff's claim, and for each such person indicate a brief description of their area of knowledge and the extent of their knowledge.

<u>RESPONSE</u>:   Defendant objects to this interrogatory to the extent it seeks information

protected by the attorney-client privilege and/or work product doctrine.  Defendant further

assumes that this interrogatory seeks identification of persons with knowledge of facts relating to

Plaintiff's claims or defenses.  Subject to and without waiving its specific and general objections,

subject to Defendant's assumption, and other than Plaintiff, Defendant identifies:

Rachel Harter
Vice President
NORC
55 East Monroe Street
Chicago, IL 60603
*May be contacted through counsel for Defendant.
- Knowledge: Knowledge that she did not represent to or in any way suggest to Plaintiff that his employment with NORC would be for a certain length of time or for the length of any project.


Kirk Wolter
NORC
55 East Monroe Street
Chicago, IL 60603
*May be contacted through counsel for Defendant.
- Knowledge: Knowledge that he did not represent to or in any way suggest to Plaintiff that his employment with NORC would be for a certain length of time or for the length of any project.

Andrey Pryjma
Director, Human Resources

NORC
55 East Monroe Street
Chicago, IL 60603
*May be contacted through counsel for Defendant.
- Knowledge: See documents being produced in response to Plaintiff's First Set Of
Document Requests, including documents labeled DEF-027 to DEF-028.

Yvonne Johnson
20800 Alexander St.
Olympia Field, IL 60461
708-747-4686
- Knowledge: See documents being produced in response to Plaintiff's First Set Of
Document Requests, including document labeled DEF-063.

**INTERROGATORY NO. 3:** **[3-1]** Set forth any and all facts which support any defense to the claim asserted against Defendant **[3-2]** and include in your the identity of persons with knowledge of your answer **[3-3]** and the identity of documents which support your answer.

RESPONSE:  Defendant object to this interrogatory as it contains more than one

separate interrogatory as indicated above.  Subject to and without waiving its specific and

general objections, Defendant incorporates by reference its objections and responses to

Interrogatory Numbers 1 and 2 as if fully set forth here.  Defendant further refers Plaintiff to

documents being produced in response to Plaintiff's First Set Of Document Requests.

**INTERROGATORY NO. 4:** Identify each person you expect to call as an expert witness at trial in this case and, for each such person, state the subject matter the expert will testify to at trial; the substance of the findings and the opinions to which the expert is expected to testify and a summary of the grounds for each opinion; and identify any writings made by such expert which are in any way relevant to this case including, without limitation, written reports concerning the expert's findings and opinions.

RESPONSE:  Defendant objects to this interrogatory on the ground that it seeks to

expand Defendant's obligations beyond those imposed by the Federal Rules of Civil Procedure

and the Court's scheduling order.  Subject to and without waiving its specific and general

objections, Defendant states that it has not yet identified any such expert witness. Defendant will

identify any such expert witness information as required by and within the time required under

the Federal Rules of Civil Procedure and the Court's scheduling order.

DC1 30170284.1

INTERROGATORY NO. 5: Identify any and all persons who have been or are assigned to the Immunization Survey Contract or otherwise have performed or are performing work on the Contract and for each person set forth his or her title/position(s) with NORC, a brief description of the nature and extent of his or her work, his or her dates of employment and rate of compensation.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad as to time and scope, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and seeks private information about current and/or former employees of NORC. Plaintiff's Complaint alleges that he "entered into negotiations with NORC in connection with potential employment" "[i]n December of 2004," and brings claims based on alleged representations, promises and/or contract regarding the length of time he was to be employed by NORC. Yet, this Interrogatory does not seek information relevant to any of Plaintiff's claims. NORC furthers objects on the ground that the burden and expense of responding to this interrogatory outweighs its likely benefit. Subject to and without waiving its specific and general objections, and as Defendant admitted in its Answer: Defendant terminated Plaintiff as of June 16, 2005; and that when Plaintiff was terminated, he was told that NORC's planned work on Qatar had dropped by $10 million and the NIS project had dropped by $2 million, that this resulted in a need to adjust NORC's payroll to a tighter budget for the remainder of 2005, that NORC had to make a difficult business decision to implement a small number of layoffs, and that, effective that day, Plaintiff's employment with NORC was ended.

INTERROGATORY NO. 6: For each person identified in the previous interrogatory, identify any and all communications which said persons had relating in any manner to the Contract.

RESPONSE: Subject to and without waiving its specific and general objections, Defendant incorporates by reference its objections and responses to Interrogatory Number 5, other than the privacy objection, as if fully set forth here.

INTERROGATORY NO. 7: Identify any and all persons who are or have been involved in the administration of the Immunization Survey Contract and for each person set forth their

6

position(s) with NORC, a brief description of the nature and extent of their involvement and identify any and all communications which said person had relating in any manner to the Contract.

RESPONSE: Subject to and without waiving its specific and general objections,

Defendant incorporates by reference its objections and responses to Interrogatory Number 5,

other than the privacy objection, as if fully set forth here.

INTERROGATORY NO. 8: [8-1] Identify any and all persons who were involved in any manner in decision to terminate Plaintiff from his employment with NORC and for each person set forth a brief description of the nature and extent of their involvement [8-2] and identify any and all communications which said persons had relating in any manner to the termination.

RESPONSE: Defendant objects to this interrogatory as it contains more than one

separate interrogatory as indicated above. Subject to and without waiving its specific and

general objections, Defendant incorporates by reference its objections and responses to

Interrogatory Number 5, other than the privacy objection, as if fully set forth here.

INTERROGATORY NO. 9: [9-1] Identify any and all persons who were involved in any manner in decision to offer employment to Plaintiff with NORC and for each person set forth a brief description of the nature and extent of their involvement [9-2] and identify any and all communications which said persons had relating in any manner to the offer of employment.

RESPONSE: Defendant objects to this interrogatory as it contains more than one

separate interrogatory as indicated above. Defendant further objects to this interrogatory on the

grounds that it is overbroad as to scope, and seeks information that is not relevant or reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint brings claims

based on alleged representations, promises and/or contract regarding the length of time he was to

be employed by NORC. Subject to and without waiving its specific and general objections and

limiting its response to persons and communications relating to representations, promises and/or

contract regarding the length of time Plaintiff was to be employed by NORC, Defendant refers

Plaintiff to documents being produced in response to Plaintiff's First Set Of Document Requests,

7

including documents labeled DEF-027 to DEF-028. Defendant further incorporates its response

to Interrogatory Number 2 as if fully set forth here.

INTERROGATORY NO. 10: **[10-1]** Identify any and documents containing the terms and conditions of Plaintiff's employment with NORC and identify any **[10-2]** and all persons with knowledge of the substance of such documents.

RESPONSE: Defendant objects to this interrogatory as it contains more than one

separate interrogatory as indicated above. Subject to and without waiving its specific and

general objections, Defendant incorporates its response and objections to Interrogatory Number 9

as if fully set forth here.

INTERROGATORY NO. 11: Identify any and all contracts and/or projects on which Plaintiff was assigned and for each such contract set forth the parties to the contract, its term, scope of work and any identifying number.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad

and seeks information that is not relevant or reasonably calculated to lead to the discovery of

admissible evidence.

INTERROGATORY NO. 12: Identify any and all contracts or projects on which Plaintiff performed work, and set forth a brief description of his work.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad

and seeks information that is not relevant or reasonably calculated to lead to the discovery of

admissible evidence.

INTERROGATORY NO. 13: For each contract or project on which Plaintiff performed work, identify any and all person who worked on the same contracts or project between January 1, 2004 to the present and for each person identify their title, a brief description of the work he or she performed, his or her dates of employment and rates of compensation.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad,

seeks information that is not relevant or reasonably calculated to lead to the discovery of

admissible evidence, and seeks private information about current and/or former employees of

NORC. NORC furthers objects on the ground that the burden and expense of responding to this interrogatory outweighs its likely benefit.

INTERROGATORY NO. 14: For each person identified in the previous interrogatory, identify any and all communications which said persons had relating in any manner to the Contract.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the term "the Contract" is vague and undefined. NORC furthers objects on the ground that the burden and expense of responding to this interrogatory outweighs its likely benefit.

INTERROGATORY NO. 15: Identify any and all persons or entities to whom you provided a copy of Plaintiff's resume and include in your answer the date the resume was provided and identify any and all communications or documents with which accompanied the resume.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 16: Identify any and all representatives of National Center for Health Statistics and the Center for Disease Control which communicated with NORC in any manner with respect to the Immunization Survey Contract or their work thereon including the administration of said Contract and for each such person identify their title/position.

RESPONSE: Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. NORC furthers objects on the ground that the burden and expense of responding to this interrogatory outweighs its likely benefit.

INTERROGATORY NO. 17: Identify any and all communications NORC had with the United States Postal Service regarding in any manner the Plaintiff or any work, document or paper that he generated while at NORC or the Postal Service or in any other capacity from January 1, 2003 to the present.

RESPONSE:  Defendant objects to this interrogatory on the grounds that it is overbroad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 18:  Identify all versions of document/data retention or destruction policies used by ES and identify documents or classes of documents that were subject to scheduled destruction.

RESPONSE:  Defendant objects to this interrogatory on the ground that the term "ES" is vague and undefined, and, thus Defendant is incapable of responding to this Interrogatory.

INTERROGATORY NO. 19:  Identify any data that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten at or by ES, whether pursuant to a document retention or destruction policy or otherwise, since August 1, 2006 which relates in any manner to Plaintiff.

RESPONSE:  Defendant objects to this interrogatory on the ground that the term "ES" is vague and undefined, and, thus Defendant is incapable of responding to this Interrogatory.

As to objections,

NATIONAL OPINION RESEARCH CENTER

By:_____

David M. Burns, Esq. # 466167
Noah A. Finkel, Esq. (admitted *pro hac vice*)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (fax)

August  23, 2006                            Attorneys for Defendant

## VERIFICATION

I, Andrey Pryjma, hereby state under penalties of perjury that the answers to the foregoing Plaintiff's Interrogatories are true and correct to the best of my knowledge, information and belief.

_____           _____
Andrey Pryjma                                               Date 8/17/06

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendant's Objections and Responses to

Plaintiff's First Set Of Interrogatories was served by first class mail, postage prepaid, this 23rd

day of August, 2006 on:

> Nicholas Hantzes, Esq.
> 1608 Spring Hill Rd., Suite 420
> Vienna, Virginia 22182

_____
David M. Burns

12

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN WOODRUFF | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )    Case No. 1:06-CV-00832 (RJL) |
| | ) |
| NATIONAL OPINION RESEARCH CENTER | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant National

Opinion research Center ("NORC" or "Defendant") hereby submits these objections and

Responses to Plaintiff's Set Of Document Requests.

### EXPLANATION AND GENERAL OBJECTIONS

1.    In accordance with the objections and responses set forth below, NORC will

make the documents it identifies below available for inspection and copying, at Plaintiff's

expense, at such "reasonable time, place, and manner" to be agreed to by counsel for the parties.

See Fed. R. Civ. Proc. 34(b).

2.    NORC objects to the proposed "Definitions and Instructions" to the extent that

these exceed the permissible scope of discovery requests under the Federal Rules of Civil

Procedure and the Local Rules of this Court.

3.    NORC also submits these responses subject to, without intending to waive and

expressly preserving:  (a) any objections to materiality, privilege, and admissibility of any of the

responses or documents; and (b) any objections related to the same or similar subject matter of

DC1 30170290.1

any response or of the document request to which any response is made or document is produced.

4.      NORC objects to these document requests to the extent that they purport to require NORC to obtain information or documents from, or with respect to, persons not currently in its employ and/or over whom it has no control on the grounds that each such document request exceeds the permissible scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

5.      NORC objects to these document requests to the extent they seek attorney work product, trial preparation materials, identification or production of documents prepared in anticipation of litigation and/or after the commencement of this litigation, or information or communications protected by the attorney-client privilege, any other applicable privilege and/or Rules 26(b)(3) and/or 26(b)(4)(B) of the Federal Rules of Civil Procedure.

6.      NORC objects to these document requests to the extent they purport to expand its obligations beyond those required by the Federal Rules of Civil Procedure.

7.      NORC objects to these document requests to the extent that they are overbroad as to time and scope and/or to the extent that they purport to require the production of information and documents which are immaterial, irrelevant and/or which are not reasonably calculated to lead to the discovery of admissible evidence in this action.

8.      NORC objects to these document requests to the extent that the information and documents which Plaintiff seeks to obtain are readily accessible to, or in the custody or control of Plaintiff, his attorneys or agents.

9.      NORC objects to these document requests to the extent that the burden or expense of responding to such interrogatories outweigh their likely benefit, taking into account the needs

2

of the case, the amount in controversy, the parties' resources, the importance of the issues at

stake in the litigation, and the importance of the information and documents in resolving the

issues.

      10.    Each and every response to these document requests is made subject to the

foregoing General Objections, regardless of whether a General Objection or specific objection is

stated in the response. The explicit reference to a General Objection or the making of a specific

objection in response to a particular document request is not intended to constitute a waiver of

General Objections that are not specifically referred to in that response.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

REQUEST NO. 1: Any and all documents identified in response to your answers to
interrogatories.

      RESPONSE:  Subject to and without waiving Defendant's objections, see documents

produced herewith.

REQUEST NO. 2: Any and all documents which contain communications relating in any
manner to Plaintiff.

      RESPONSE:  Defendant objects to this request on the grounds that it is overbroad as to

time and scope, and seeks information that is not relevant or reasonably calculated to lead to the

discovery of admissible evidence. Plaintiff's Complaint alleges that he "entered into

negotiations with NORC in connection with potential employment" "[i]n December of 2004,"

and brings claims based on alleged representations, promises and/or contract regarding the length

of time he was to be employed by NORC. Yet, this request seeks communications regarding

Plaintiff regardless of their relevance to Plaintiff's allegations and regardless of time. NORC

furthers objects on the ground that the burden and expense of responding to this request

outweighs its likely benefit. Subject to and without waiving its specific and general objections,

and limiting its response to communications regarding the terms of employment or potential

DCI 30170290.1

employment with NORC represented to, offered to, negotiated with, or accepted by Plaintiff

during late 2004 through the start of his employment with NORC, see documents produced

herewith, including documents labeled DEF-027 to DEF-028, and DEF-63.

REQUEST NO. 3: The personnel file of Plaintiff, Rachel Harter and Kirk Wolter.

RESPONSE: Defendant objects to this request on the grounds that it is overbroad, seeks

information that is not relevant or reasonably calculated to lead to the discovery of admissible

evidence, and seeks private information about current employees of NORC. Subject to and

without waiving its specific and general objections, and limiting its response to Plaintiff's

personnel file, see documents produced herewith labeled DEF-001 to DEF-036.

REQUEST NO. 4: Any and all documents reflecting the evaluation of Plaintiff's, Rachel
Harter's and Kirk Wolter's work performance.

RESPONSE: Defendant objects to this request on the grounds that it is overbroad, seeks

information that is not relevant or reasonably calculated to lead to the discovery of admissible

evidence, and seeks private information about current employees of NORC.

REQUEST NO. 5: Any and all documents comprising and showing Plaintiff's terms of
employment and any and all communications relating thereto.

RESPONSE: Subject to and without waiving its specific and general objections, see

documents produced herewith, including documents labeled DEF-027 to DEF-028.

REQUEST NO. 6: Any and all documents relating to the Immunization Survey Contract
identified in the complaint including copies of contracts or other documentation generated in
connection with administration and performance of the contact and all documents containing
communications by or between Defendant, the National Center for Health Statistics or the Center
for Disease Control or documents received and provided by Defendant, the National Center for
Health Statistics or the Center for Disease Control.

RESPONSE: Defendant objects to this request on the grounds that it is overbroad as to

time and scope, and seeks information that is not relevant or reasonably calculated to lead to the

discovery of admissible evidence. Plaintiff's Complaint alleges that he "entered into

4

negotiations with NORC in connection with potential employment" "[i]n December of 2004," and brings claims based on alleged representations, promises and/or contract regarding the length of time he was to be employed by NORC. Yet, this request does not seek information relevant to any of Plaintiff's claims. NORC furthers objects on the ground that the burden and expense of responding to this request outweighs its likely benefit. Subject to and without waiving its specific and general objections, see Defendant's response to Interrogatory Number 5.

REQUEST NO. 7:  Any and all notes of any NORC employee or representative relating in any manner to Plaintiff.

RESPONSE:  Defendant objects to this request on the grounds that it is overbroad as to time and scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint alleges that he "entered into negotiations with NORC in connection with potential employment" "[i]n December of 2004," and brings claims based on alleged representations, promises and/or contract regarding the length of time he was to be employed by NORC. Yet, this request seeks notes regarding Plaintiff regardless of their relevance to Plaintiff's allegations and regardless of time. NORC furthers objects on the ground that the burden and expense of responding to this request outweighs its likely benefit. Subject to and without waiving its specific and general objections, and limiting its response to notes regarding the terms of employment or potential employment with NORC represented to, offered to, negotiated with, or accepted by Plaintiff during late 2004 through the start of his employment with NORC, see documents produced herewith.

REQUEST NO. 8:  Any and all documents which any expert which Oracle intends to calls at trial reviews or relies upon in reaching his or her opinion.

RESPONSE:  Defendant objects to this request on the ground that Oracle is not a party to this case. Further Defendant is unaware of any such documents even were Oracle a party.

5

REQUEST NO. 9: Any and all documents showing persons assigned to the Immunization Survey Contract.

RESPONSE: Subject to and without waiving its specific and general objections, Defendant incorporates by reference its objections and responses to Request Number 6 as if fully set forth here. NORC furthers objects on the ground that the burden and expense of responding to this request outweighs its likely benefit.

REQUEST NO. 10: Any and all documents showing, containing or related to the offer of employment to Plaintiff.

RESPONSE: Subject to and without waiving its specific and general objections, see documents produced herewith, including documents labeled DEF-027 to DEF-028.

REQUEST NO. 11:  Any and all documents showing, containing or related to the termination of Plaintiff's employment.

RESPONSE:  Subject to and without waiving its specific and general objections,

Defendant incorporates by reference its objections and responses to Request Number 6 as if fully

set forth here.

Respectfully submitted,

NATIONAL OPINION RESEARCH CENTER

By: _____

David M. Burns, Esq. # 466167
Noah A. Finkel, Esq. (admitted *pro hac vice*)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (fax)

August  23, 2006                    Attorneys for Defendant

DCI 30170290.1

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendant's Objections and Responses to

Plaintiff's First Set Of Document Requests was served by first class mail, postage prepaid, this

23rd day of August, 2006 on:

Nicholas Hantzes, Esq.
1608 Spring Hill Rd., Suite 420
Vienna, Virginia 22182


David M. Burns

8

EXHIBIT 3

# HANTZES & REITER
## ATTORNEYS AT LAW
### 1608 SPRING HILL ROAD, SUITE 420
### VIENNA, VIRGINIA 22182

---

(703) 378-5000
FAX (571) 633-0203

NICHOLAS HANTZES
(VA. AND D.C.)

WRITER'S E-MAIL:
NHANTZES@HANTZESLAW.COM

October 1, 2006

By Fax and First Class Mail

David Burns, Esquire
SEYFARTH SHAW LLP
815 Connecticut Avenue, Suite 500
Washington, D.C. 20006-0004

Re:    *Woodruff v. National Opinion Research Center*
Case No. 1:06-CV-00832 (RJL)

Dear Mr. Burns:

I am writing with respect to Defendant's answers to plaintiff's interrogatories and documents requests. They are clearly inadequate. We must reach agreement regarding supplementation by Wednesday of next week (October 4, 2006) or Plaintiff will have no choice but to file a motion to compel. To date, the responses your client has provided are documents and answers to interrogatories which would assist in its defense and are essentially Rule 26(a) disclosures. Quite frankly, I expected your client had not completed production of documents when it served its responses last month and NORC would supplement its responses to the interrogatories and document requests. NORC can not reasonably expect to stand on the numerous and extensive unfounded objections.

Interrogatory 1 and document requests numbers 2 and 7 seek communications relating to the plaintiff. My client was employed for 4 months. It is not unreasonable for plaintiff to receive all communications regarding him.

Interrogatory 2 seeks the identity of persons with knowledge of NORC's defenses and claims. There is no basis for the assertion of any objections to this interrogatory-it is not work product or attorney client privilege information. Interrogatory 3 seeking facts which support the defenses is not answered at all. The production of documents pursuant to Rule 33(d) is not appropriate because the burden on plaintiff of deriving the answer to the interrogatory is not equal to the burden on Defendant. Plaintiff can not be expected to construct NORC's defense and set forth facts which support it.

David Burns, Esquire
October 1, 2006
Page 2

Interrogatory 5 seeks the identity of persons and nature of duties of employees of NORC working on the Immunization Survey Contract ("Contract"). Document request 9 seeks documents showing persons assigned to the Contract. NORC has offered no material response to this request. The interrogatory is relevant to the claim as it relates directly to the representations which underlie the claim, including that it was represented to Plaintiff that work was available and he would be employed as long as NORC had the Contract. Plaintiff is not only entitled to the information because it may lead to admissible evidence which supports its claim, but also to test the truth of the very defense asserted in the interrogatory—that work on the Contract was reduced by $2 million. As to the assertion that the information is private, the interrogatory does not seek private information. In any event, Plaintiff will of course agree to a protective order to the extent NORC believes the requested information is private.

Interrogatory 7 seeks the identity of persons responsible for administration of the Contract, a description of their duties and communications relating to the Contract. There can be no legitimate basis for NORC to object to this interrogatory based on the claim and NORC's defenses as set forth above. Document request number 6 seeking documents related to the Immunization Survey Contact. Plaintiff will agree to narrow this request to the production of the following information: (1) copy of the Contract including any amendments or modifications; (2) billing/invoice information from January 1, 2004 through January 30, 2006; (3) communications relating to the administration of the contract between January 1, 2004 through January 30, 2006; and (4) project management documents including performance schedules or milestones and performance pursuant thereto.

The extent of NORC's stonewalling is demonstrated by its refusal to answer interrogatory 9 which seeks information regarding the persons involved in the decision to hire Plaintiff. Please withdraw the objections and complete the response. The same is true for interrogatory 10 and document request numbers 5 and 10, there can not possibly be a legitimate objection to NORC identifying the terms and conditions, from its perspective, of Plaintiff's employment and the offer of employment. The same is true for document request 11 seeking documents relating to Plaintiff's termination. The claims in this case are arise because Plaintiff was terminated and a request seeking such information can not possibly be objectionable.. Please withdraw all objections and produce all responsive information and documents.

Additionally, based on NORC's interrogatory responses, Defendant must produce documents, pursuant to requests number 1, (as it relates to interrogatory 2) 5, 10 and 11, relating to the Qatar contract, specifically showing how, in Defendant's view, plaintiff was ever informed prior to his employment, during his employment and at termination anything about the Qatar contract. Furthermore, Defendant must produce documents substantiating the purported reduction in work on the Qatar contract and a description of the nature of the work on that contract.

Interrogatories 11, 12 and 13, seek information concerning the contracts and matters on which plaintiff worked. NORC's assertion that the information is irrelevant is erronous. It is

David Burns, Esquire
October 1, 2006
Page 3

relevant to the course of his performance, the nature of the matters assigned to him, the quality of his work and the identity of persons with knowledge of the matters on which Plaintiff did work. Please provide responsive answers.

As to interrogatory 15, NORC must identify to whom it sent Plaintiff's resume. It goes directly to the issue of Defendant's reason for hiring Plaintiff. As alleged, it appears Defendant never intended to keep plaintiff employed during the term of the Immunization Survey Contract or any reasonable period.

As to interrogatory 16, Plaintiff would accept the identification of persons at the National Center for Health and Statistics and Center for Disease Control who administered the Contract.

Interrogatory 17 seeking the nature of communications with Plaintiff's prior employer is relevant as it may lead to evidence of the reason for NORC's termination of Plaintiff. For example, it may well be Defendant acted on erroneous information about Plaintiff learned from his former employer. Please provide all responsive information.

As to interrogatories 18 and 19, the reference to "ES" should have been NORC. Please substitute NORC for "ES" in each interrogatory and respond appropriately. This interrogatory is relevant to whether NORC has engaged in spoliation of evidence.

Document request 4 seeks the evaluations of the witnesses whom Defendant maintains have knowledge directly relevant to the claims. The production of their evaluations may lead to evidence which is relevant to the reasons plaintiff was terminated and to their credibility. Please produce the requested documents.

As to the assertion of privilege, please produce promptly a privilege/work product log for all documents for which NROC is claiming privilege prior to the commencement of this action. . I look forward to a good faith and reasonable resolution of this discovery dispute.

Additionally, I would like to schedule the depositions of Rachel Harter and Kirk Wolter and the company I the last couple weeks of October. Please provide available dates

Very truly yours,

Nicholas H. Hantzes

# EXHIBIT 4

# SEYFARTH
**ATTORNEYS** SHAW LLP

815 Connecticut Avenue, N.W.

Suite 500

Washington, D.C. 20006-4004

202-463-2400

fax 202-828-5393

www.seyfarth.com

Writer's direct phone
(202) 828-5395

Writer's e-mail
dburns@seyfarth.com

October 11, 2006

*Via Facsimile 571-633-0203*
*and First Class Mail*

Nicholas Hantzes, Esq.
1608 Spring Hill Rd., Suite 420
Vienna, Virginia 22182

    Re:   *Woodruff v. National Opinion Research Center*, Case No. 1:06-CV-00832 (RJL)

Dear Mr. Hantzes:

    This letter is in response to your letter dated October 1, 2006 that was faxed and mailed to us on October 2. You raise numerous issues about Defendant's responses to Plaintiff's First Set Of Interrogatories and First Request For Production Of Documents. Below, we respond to each of the substantive points raised in your letter (with your comments appearing in italics).

    *Quite frankly, I expected your client had not completed production of documents when it served its responses last month and NORC would supplement its responses to the interrogatories and document requests.*

    <u>Response</u>: Defendant served its documents and responses to Plaintiff's discovery requests on August 23, 2006. At no point did Defendant indicate or otherwise suggest that it had not provided a complete production of documents or that it would be supplementing its responses to interrogatories and document requests.

    *NORC can not reasonably expect to stand on the numerous and extensive unfounded objections.*

    <u>Response</u>: Defendant responded to many of the discovery requests despite its objections. Moreover, Defendant's objections are not unfounded. Many of Plaintiff's requests are overly broad and seek information that is not relevant to the claims or defenses in this case. It is important to note what this case is about, especially when considering whether Plaintiff's requests properly fall within the scope of Rule 26(b)(1). Plaintiff's claims allege that, during his interviews for potential employment with NORC, Rachel Harter and/or Kirk Wolter represented to Plaintiff that his employment would be for a five year period (or, as he has subsequently suggested, during the length of the National Immunization Survey ("NIS") project), that he accepted employment with NORC as a result, and that he was terminated after four months of employment and while the NIS project

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

continued. *See* Plaintiff's Complaint; *see also* Plaintiff's Statement of The Facts of The Case in the parties' Joint Local Rule 16.3 Report. Defendant has admitted that it terminated Plaintiff on June 16, 2005 and admits that it continues to work on the NIS project. There is no dispute that Plaintiff was terminated after less than five years of employment (and prior to the end of the NIS project which continues). Thus, this case is simply about what, if anything, was represented to Plaintiff about the length of his potential employment with NORC during his interviews with Ms. Harter and Mr. Wolter, whether he left his prior employment based on these representations, what the terms of Plaintiff's employment with NORC were with respect to the length of his employment and, what damages Plaintiff could recover were he to prevail on any of his claims.

Many of Plaintiff's requests well exceed the permissible scope of discovery, seeking information that is not relevant to the claims or defenses in this case. Accordingly, Defendant properly objected to many of Plaintiff's discovery requests on relevance grounds, among others. Nevertheless, Defendant still endeavored to and did answer many such requests by narrowing its response to relevant information and documents. Thus, it was Plaintiff's requests that were unfounded and improper, not Defendant's objections.

*Interrogatory 1 and document requests numbers 2 and 7 seek communications relating to the plaintiff. My client was employed for 4 months. It is not unreasonable for plaintiff to receive all communications regarding him.*

Response: Rule 26(b)(1) identifies the permissible scope of discovery as "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Just because a communication relates to Plaintiff does not make it relevant to his claims or Defendant's defenses. Accordingly, Defendant properly objected to Interrogatory 1 and Document Request numbers 2 and 7 on relevance grounds, among others. Nevertheless, in good faith, Defendant responded to each of these discovery requests by limiting its response in accordance with Rule 26(b)(1).

*Interrogatory 2 seeks the identity of persons with knowledge of NORC's defenses and claims. There is no basis for the assertion of any objections to this interrogatory it is not work product or attorney client privilege information.*

Response: Defendant has not withheld the identities of persons with knowledge of facts relating to Plaintiff's claims or NORC's defenses. To the extent this interrogatory seeks identification of persons with knowledge of the fact that Plaintiff has brought claims or that defenses have been asserted (as opposed to the facts underlying the claims or defenses), it is not relevant to the claims or defenses. Indeed, individuals who do not have personal knowledge of facts underlying the claims, including you, NORC's counsel, and the Court, are obviously aware that Plaintiff has brought claims.

*Interrogatory 3 seeking facts which support the defenses is not answered at all. The production of documents pursuant to Rule 33(d) is not appropriate because the burden on plaintiff of deriving the answer to the interrogatory is not equal to the burden on Defendant. Plaintiff can not be expected to construct NORC's defense and set forth facts which support it.*



Response: Defendant did answer Interrogatory Numbers 3-1, 3-2, and 3-3, by, among other things, specifically incorporating its responses to Interrogatory Numbers 1 and 2. Moreover, the identification of documents pursuant to Rule 33(d) was proper. You indicate that "the burden on plaintiff of deriving the answer to the interrogatory is not equal to the burden on Defendant," but do not explain how the burden is unequal. The burden is not unequal. Indeed, for example, the document identified in response to this interrogatory as DEF-027 to DEF-028 states "it is important for you to understand that all NORC employees are 'at-will', which means that you or NORC may, for any reason or no reason, discontinue the employment relationship at any time."

Nevertheless, and by way of supplementation, Defendant states (as it previously stated in the parties' Joint Local Rule 16.3 Report): Defendant's offer of employment to Plaintiff was for at-will employment; Plaintiff was an at-will employee; Defendant did not represent or in any way suggest that Plaintiff's employment would be for a certain length of time or for the length of any project; Plaintiff's breach of contract claim at Count III of his Complaint is barred by the District Of Columbia's Statute of Frauds. D.C. Code § 28-3502. Defendant further refers Plaintiff to its "Motion To Dismiss Plaintiff's Breach Of Contract Claim (Count III)" filed on June 29, 2006.

*Interrogatory 5 seeks the identity of persons and nature of duties of employees of NORC working on the Immunization Survey Contract ("Contract"). Document request 9 seeks documents showing persons assigned to the Contract. NORC has offered no material response to this request. The interrogatory is relevant to the claim as it relates directly to the representations which underlie the claim, including that it was represented to Plaintiff that work was available and he would be employed as long as NORC had the Contract. Plaintiff is not only entitled to the information because it may lead to admissible evidence which supports its claim, but also to test the truth of the very defense asserted in the interrogatory that work on the Contract was reduced by $2 million. As to the assertion that the information is private, the interrogatory does not seek private information. In any event, Plaintiff will of course agree to a protective order to the extent NORC believes the requested information is private.*

Response: The identity of and information about persons who work or worked on the NIS project (including their titles, duties, compensation, and dates of employment) have absolutely no tendency to make more or less probable Plaintiff's claim that Ms. Harter and/or Mr. Wolter represented to him that he would be employed for a specific period of time. Moreover, whether or not the NIS contract was reduced by $2 million has absolutely no tendency to make more or less probable Plaintiff's claim that Ms. Harter and/or Mr. Wolter represented to him that he would be employed for a specific period of time. In fact, Defendant has already admitted that it terminated Plaintiff prior to completion of the NIS project (and prior to five years of employment) and admits that it continues to work on the NIS project. Defendant's relevance objection is therefore entirely appropriate, as are its other objections.

*Interrogatory 7 seeks the identity of persons responsible for administration of the Contract, a description of their duties and communications relating to the Contract. There can be no legitimate basis for NORC to object to this interrogatory based on the claim and NORC's defenses as set forth above.*



**Response:** The identity of and information about and communications with persons who administered the NIS project have absolutely no tendency to make more or less probable Plaintiff's claim that Ms. Harter and/or Mr. Wolter represented to him that he would be employed for a specific period of time. Defendant's relevance objection is therefore entirely appropriate, as are its other objections.

*Document request number 6 seeking documents related to the Immunization Survey Contact. Plaintiff will agree to narrow this request to the production of the following information: (1) copy of the Contract including any amendments or modifications; (2) billing/invoice information from January 1, 2004 through January 30, 2006; (3) communications relating to the administration of the contract between January 1, 2004 through January 30, 2006; and (4) project management documents including performance schedules or milestones and performance pursuant thereto.*

**Response:** Documents regarding the NIS project contract have absolutely no tendency to make more or less probable Plaintiff's claim that Ms. Harter and/or Mr. Wolter represented to him that he would be employed for a specific period of time. Defendant's relevance objection is therefore entirely appropriate, as are its other objections. Nevertheless, Defendant states that it had no communications with the Center for Disease Control or the National Center for Health Statistics regarding Plaintiff or Plaintiff working on the NIS project.

*The extent of NORC's stonewalling is demonstrated by its refusal to answer interrogatory 9 which seeks information regarding the persons involved in the decision to hire Plaintiff. Please withdraw the objections and complete the response.*

**Response:** Defendant is not stonewalling. Again, Plaintiff's claims assert a finite and very specific set of alleged facts regarding representations he claims were made to him regarding the length of his employment with NORC. Plaintiff's discovery requests, including Interrogatories 9-1 and 9-2, simply reach far beyond information relevant to his claims. Defendant did not wholly refuse to respond to these interrogatories. Rather, Defendant appropriately limited its response to persons and communications relating to representations, promises and/or contract regarding the length of time Plaintiff was to be employed by NORC.

*The same is true for interrogatory 10 and document request numbers 5 and 10, there can not possibly be a legitimate objection to NORC identifying the terms and conditions, from its perspective, of Plaintiff's employment and the offer of employment.*

**Response:** Defendant fully answered and produced documents in response to these discovery requests.

*The same is true for document request 11 seeking documents relating to Plaintiff's termination. The claims in this case are arise because Plaintiff was terminated and a request seeking such information can not possibly be objectionable. Please withdraw all objections and produce all responsive information and documents.*



**Response:** Plaintiff's claims arise because he was not employed for a certain period of time as he alleges was represented to him. Defendant has already admitted that it terminated Plaintiff prior to completion of the NIS project (and prior to five years of employment) and admits that it continues to work on the NIS project. Documents regarding Plaintiff's termination have absolutely no tendency to make more or less probable Plaintiff's claim that Ms. Harter and/or Mr. Wolter represented to him that he would be employed for a specific period of time. Defendant's relevance objection is therefore entirely appropriate.

*Additionally, based on NORC's interrogatory responses, Defendant must produce documents, pursuant to requests number 1, (as it relates to interrogatory 2) 5, 10 and 11, relating to the Qatar contract, specifically showing how, in Defendant's view, plaintiff was ever informed prior to his employment, during his employment and at termination anything about the Qatar contract. Furthermore, Defendant must produce documents substantiating the purported reduction in work on the Qatar contract and a description of the nature of the work on that contract.*

**Response:** Defendant did produce all documents responsive to Document Request No. 1. With respect to documents related to the Qatar contract, Plaintiff's claims arise because he was not employed for a certain period of time as he alleges was represented to him. Defendant has already admitted that it terminated Plaintiff prior to completion of the NIS project (and prior to five years of employment) and admits that it continues to work on the NIS project. Documents regarding the Qatar contract have absolutely no tendency to make more or less probable Plaintiff's claim that Ms. Harter and/or Mr. Wolter represented to him that he would be employed for a specific period of time. Defendant's relevance objection is therefore entirely appropriate.

*Interrogatories 11, 12 and 13, seek information concerning the contracts and matters on which plaintiff worked. NORC's assertion that the information is irrelevant is erroneous. It is relevant to the course of his performance, the nature of the matters assigned to him, the quality of his work and the identity of persons with knowledge of the matters on which Plaintiff did work. Please provide responsive answers.*

**Response:** As noted in Rule 26(b)(1), the sought after discovery material must be "relevant to the claim or defense of any party," not simply related to the party. Information regarding Plaintiff's performance, matters assigned to him, quality of work, and information about people who worked on projects on which Plaintiff worked have absolutely no tendency to make more or less probable Plaintiff's claim that Ms. Harter and/or Mr. Wolter represented to him that he would be employed for a specific period of time. Defendant's relevance objection is therefore entirely appropriate. Nevertheless, Defendant states that Plaintiff worked on: (a) the Residential Energy Consumption Survey ("RECS ") for the Energy Information Agency ("EIA"); (b) the Energy Supplier Survey ("ESS") for the EIA; and (c) the Survey of International Airline Travelers ("SIAT") for the Office of Travel and Tourism, International Trade Administration. On RECS, Plaintiff's role was to lead and coordinate the statisticians on the project, with some oversight from Ms. Harter. He was also responsible for weight and variance estimation plans. Plaintiff was to be one of the lead statistical writers on ESS, but the proposal did not get very far while Plaintiff was



employed. On SAIT, Plaintiff wrote much of proposal text with a lot of help from Carol Emmons, and he was the proposal leader.

*As to interrogatory 15, NORC must identify to whom it sent Plaintiff's resume. It goes directly to the issue of Defendant's reason for hiring Plaintiff. As alleged, it appears Defendant never intended to keep plaintiff employed during the term of the Immunization Survey Contract or any reasonable period.*

Response: Defendant stands by its objections, but, nevertheless, states that it did not send Plaintiff's resume to the Center for Disease Control or the National Center for Health Statistics. It was sent to two entities associated with his assignments, The Energy Information Administration with respect to RECS, and the Office of Travel and Tourism within the International Trade Administration of the Department of Commerce with the SIAT proposal.

*As to interrogatory 16, Plaintiff would accept the identification of persons at the National Center for Health and Statistics and Center for Disease Control who administered the Contract.*

Response: Defendant stands by its objections. Nevertheless, we are identifying this information and will forward it to you under separate cover.

*Interrogatory 17 seeking the nature of communications with Plaintiffs prior employer is relevant as it may lead to evidence of the reason for NORC's termination of Plaintiff. For example, it may well be Defendant acted on erroneous information about Plaintiff learned from his former employer. Please provide all responsive information.*

Response: Defendant stands by its objections, but, nevertheless, states that NORC contacted Ross Bailey at the United States Postal Service in or about early January 2005 for a reference check. Defendant further refers Plaintiff to the document labeled DEF-058 that it previously produced.

*As to interrogatories 18 and 19, the reference to "ES" should have been NORC. Please substitute NORC for "ES" in each interrogatory and respond appropriately. This interrogatory is relevant to whether NORC has engaged in spoliation of evidence.*

Response: Defendant stands by its objections, but, nevertheless, states:

With respect to Interrogatory No. 18, retention and destruction of project specific data (e.g., data survey obtained during the project) are governed by each project's specific requirements, if any. For corporate data, each department has its own storage area and manages its own data. Corporate data is backed up on tape. There is not an automatic destruction of the original data. With respect to email, there is no automatic destruction of email. If an individual separates from NORC, his email account is maintained or may be deleted after being backed up on tape, which is then stored by an outside contractor.

With respect to Interrogatory No. 19, the answer is none.



*Document request 4 seeks the evaluations of the witnesses whom Defendant maintains have knowledge directly relevant to the claims. The production of their evaluations may lead to evidence which is relevant to the reasons plaintiff was terminated and to their credibility. Please produce the requested documents.*

    <u>Response</u>:    Defendant stands by its objections, but, nevertheless states that it does not have substantive performance evaluations of Ms. Harter or Mr. Wolter.

*As to the assertion of privilege, please produce promptly a privilege/work product log for all documents for which NROC is claiming privilege prior to the commencement of this action.*

    <u>Response</u>:    Defendant did not assert any specific objection on the grounds of privilege in response to Plaintiff's First Set of Document Requests, nor has it withheld any documents on the grounds of privilege that it would otherwise have produced consistent with its responses.

*Additionally, I would like to schedule the depositions of Rachel Harter and Kirk Wolter and the company I the last couple weeks of October. Please provide available dates.*

    <u>Response</u>:    We have previously responded via emails on October 6 and October 9. Among other things, we have identified a specific date on which Ms. Harter can be made available in DC and offered to provide dates on which she can be available in Chicago.   Mr. Wolter is available October 23, 25 and November 1, 8, all in Chicago. Please note that Mr. Wolter has no plans to be in D.C. prior to the close of discovery and because he teaches on Tuesdays and Thursdays, such travel would be difficult for him. We would be happy to try to coordinate depositions to be taken in Chicago so that they occur on the same or successive days.

    Additionally, if you would like Defendant to provide a supplementation of its interrogatory responses in a separate document to capture the supplemental responses above, please let us know and we will do so.

                Very truly yours,

                SEYFARTH SHAW LLP

                David M. Burns

cc:    Noah Finkel, Esq.