UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 9 - 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| STEPHEN WOODRUFF | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 1:06-CV-00832 (RJL) |
| | ) |
| NATIONAL OPINION RESEARCH | ) |
| CENTER | ) |
| | ) |
| Defendant. | ) |

**STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF
DEFENDANT'S CONFIDENTIAL INFORMATION**

It is stipulated and agreed by the parties and counsel in the above referenced case and

ORDERED by the Court that:

      1.      Any and all documents comprising, generated from, or referencing Defendant

National Opinion Research Center's ("Defendant") Qatar and National Immunization Survey

contracts/projects (the "Contracts") or the processes, operations, procedures, business methods,

marketing methods, types of work, or apparatus, services, sales, purchases, clients, customers,

vendors, contractors, consultants, employees (including personnel information), projects,

restructurings, internal structure, and/or financial information related to the Contracts and

Plaintiff's personal and employment  information (including tax returns) shall be deemed

confidential.

      2.      Confidential documents shall be so designated by stamping or labeling copies of

the documents with the legend "CONFIDENTIAL." Stamping or labeling the legend

"CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the

document as confidential, unless otherwise indicated.

      3.      Testimony taken at a deposition, conference, hearing or trial may be designated as

confidential by making a statement to that effect on the record at the deposition or other

proceeding.  Arrangements shall be made with the court reporter taking and transcribing such

proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.    CONFIDENTIAL MATERIAL produced by a party pursuant to this Order may be disclosed or made available by any other party only to the Court, to counsel for the party (including paralegal, clerical, and secretarial staff employed by such counsel), to the party, and to the "qualified persons" designated below:

(a)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(b)    court reporter(s) employed in this action;

(c)    a witness at any deposition or other proceeding in this action;

(d)    employees or former employees of the party to the extent necessary to assist in the prosecution, defense, or settlement of this action; and

(e)    any other person to whom the parties agree in writing.

Prior to receiving any CONFIDENTIAL MATERIAL produced by another party, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A and such executed nondisclosure agreement shall be retained by counsel.  In the event a bona fide dispute arises concerning compliance with this Order, counsel shall provide copies of such executed nondisclosure agreements to the other party at the request of the Court.

6.    Depositions in which CONFIDENTIAL MATERIAL will be disclosed shall be taken only in the presence of qualified persons.

2

7.      To the extent that any CONFIDENTIAL MATERIAL (or any pleading, motion or memorandum referring to any portion thereof) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in accordance with Local Rule 5.1 and in an envelope marked "DOCUMENTS SUBJECT TO PROTECTIVE ORDER OF COURT DATED _____", together with a simultaneous motion to seal the materials (hereinafter the "Interim Sealing Motion"). Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided however that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 9 of this Order. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including appeals.

8.      In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and Plaintiff shall take all reasonable steps to maintain its confidentiality during such use.

9.      This Order shall be without prejudice to the right of either party to bring before the Court by motion the question of whether any particular document or information is confidential or whether its use should be restricted. The party asserting confidentiality shall bear the burden of proving the confidentiality of the information or document. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10.     This Order is entered solely for purposes of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by Defendant, or of affecting the right of Defendant to assert and maintain any privilege, or of altering the confidentiality or

3

nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11.    In the event the Court does not execute this Order, this agreement will be binding as a contract between the parties and their respective counsel.

12.    This Order shall survive the termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, Plaintiff's counsel shall assemble and return to counsel for Defendant all documents, material and deposition transcripts provided by that party designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED.

Respectfully submitted,

STEPHEN WOODRUFF

By: _____
Nicholas Hantzes, Esq. # 361450
1608 Spring Hill Rd., Suite 420
Vienna, Virginia 22182
703-378-5000
571-633-0203 (facsimile)

Counsel for Plaintiff


Dated:  November 7 (By DMB), 2006


Respectfully submitted,

NATIONAL OPINION RESEARCH CENTER

By: _____
David M. Burns, Esq. # 466167
Noah A. Finkel, Esq. (admitted *pro hac vice*)
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (fax)

Counsel for Defendant


Dated:  November 8, 2006


APPROVED AND SO ORDERED.

Dated: November 9, 2006 _____
                              Deborah A. Robinson
                              U.S. Magistrate Judge

DC1 30175923.1

**Attachment A**

## NONDISCLOSURE AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Woodruff v. National Opinion Research Center</u>, pending in the United States District Court for the District of Columbia, Case No. 1:06-CV-00832 (RJL), and hereby agree to comply with and be bound by the terms and conditions of said Stipulated Protective Order unless and until modified by further Stipulated Protective Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____, 200__

_____
Signature

_____
Printed Name

_____
Relationship To Or Interest
In This Action

DC1 30175923.1